## WHEELER V. SMITH.

1. DEPOSITIONS. A deposition taken by one party may be used in evidence by the other; following *Pelamourges* v. *Clark*, 9 Iowa, 1; *Crick* v. *McClintic*, 4 G. Greene, 290.

2. BILLS OF EXCEPTIONS: PRACTICE. The Supreme Court will not consider instructions or exceptions to evidence which are not by bill of exceptions or otherwise made a part of the record.

3. ORDER OF EVIDENCE. The Court may in the exercise of its discretion receive evidence after the testimony has been closed; and the Supreme Court will interfere with the exercise of such discretion only in cases of abuse.

4. EVIDENCE IN REPLEVIN. In an action of replevin by an administrator the plaintiff may explain his inventory of the property of the estate he represents by parol evidence showing that it embraces the proceeds of a sale of the property in controversy.

*Appeal from Winneshiek District Court.*

MONDAY, OCTOBER 13.

*Tupper & Clarke* for appellant.

*Noble & Beckwith* for appellee.

WRIGHT, J. — 1. The court did not err in permitting plaintiff to read as evidence the deposition of the witness, Moses, the same having been taken at the instance of defendant. *Pelamourges* v. *Clarke et al.*, 9 Iowa, 1; *Crick* v. *McClintic*, 4 G. Greene, 290.

2. We give no attention to the errors assigned, so far as they relate to instructions given or refused, and the reception of a letter, said to have been written by plaintiff to an agent, for the reason that none of these matters are so identified by the bill of exceptions or otherwise as to bring them properly before us. (This action was commenced in 1857.) *Harmon* v. *Chandler*, 3 Iowa, 150; *Lewis* v. *Detrick*, Id., 316; *Greene & Stone* v. *McFadden & Co.*, 5 Id., 549.

3. The action was replevin — plaintiff died, and her heir, and executrix, was substituted. It seems that during the argument defendant's counsel insisted that the property in dispute had not been included in the inventory of the property of decedent, as returned by the executrix. Plaintiff claimed that it was included, and proposed to show that the property therein included, was the proceeds of the sale of the property in dispute. This was objected to, upon the ground that the testimony was closed, and that it was not competent to thus explain the record. The objection was overruled, and the testimony received. In this ruling we see no such error as to justify a reversal of the cause. The time of receiving the testimony was within the discretion of the court, and there was no abuse. The explanation was entirely competent.

Affirmed.