## HALE & BRO. v. GIBBS.

1. **Evidence:** DEPOSITION: MAY BE WITHHELD. It is competent for the party who has taken a deposition to refuse to offer it or any part of it in evidence, but he cannot withdraw it from the files.

2. ———: ———: OTHER PARTY. The other party may, however, introduce it in evidence.

3. ———: CUSTOM. Where a witness who was called to testify respecting a custom of trade showed that his knowledge of it was not later than a year before the time of giving his testimony, it was held to be incompetent.

4. ———: QUESTION OF FACT. In an action for the price of goods, wherein the defendant denied his liability and alleged that they were sold by plaintiffs to a commission merchant from whom defendant bought them, it was competent for plaintiff to show that the credit for the goods was given to defendant, and that they were charged to him.

5. **Practice:** EXCEPTIONS TO INSTRUCTIONS. Exceptions to instructions may be taken three days after verdict, but in this case they must specify the part objected to and the ground of the objection.

*Appeal from Mahaska Circuit Court.*

FRIDAY, JUNE 9.

ACTION upon an account for household furniture purchased by defendant from plaintiffs. There was a verdict and judgment for plaintiffs; defendant appeals. The facts of the case involved in the questions of law ruled upon appear in the opinion.

*John F. Lacey,* for appellant.

An answer in a deposition not responsive to a question may be excluded. (*Hendricks v. Wallis,* 7 Iowa, 226.) A general usage once established within two years of the transaction

in issue, would put upon plaintiffs the burden of showing a change in the usage. (*Scales v. Key*, 11 Ad. & Ellis, 819.) The defendant, having made payment to the agent of plaintiff, ought not to be compelled to pay a second time to plaintiff. (*Wheeler v. Reed*, 36 Ill., 81; *Winne v. Hammond*, 37 Id., 99; Story on Agency, 56, 57, 109; *Newcastle M'f'g Co. v. Red River R. Co.*, 1 Rob. (La.), 145; *Frank v. Milliken*, 57 Me., 63.) The court should grant a new trial in all cases where substantial justice has not been done. (*Dewey v. C. & N. W. R. Co.*, 31 Iowa, 373.)

*M. E. Cutts*, for appellees.

Beck, J. — I. The appellees, claiming that the abstract of appellant is incomplete and defective, filed an amended abstract, which appellant has moved to strike from the files upon several grounds set out in the motion. We will not pass upon the motion for this reason: The amended abstract is intended to show that defendant did not, within the proper time, take such exceptions to the instructions of the court to the jury, and the rulings upon instructions refused, as to authorize him to make objections thereto in this court. In our opinion the abstract of defendant shows the very thing intended to be exhibited by the amended abstract, as we shall hereafter point out. There is nothing gained, therefore, to plaintiffs by this amended abstract. Without passing upon defendant's motion, for we are in doubt whether it be well taken, we will consider the case solely upon his abstract. He cannot, therefore, complain because his motion is not acted upon.

II. The question of fact in controversy is this: Were the goods, to recover the value of which this suit was brought, purchased by defendant of plaintiffs, or were they sold to one Thomas & Co.? Plaintiffs claim that the goods were sold to defendant, and credit for the property was given to him alone. Defendant insists that Thomas & Co. bought the goods of plaintiffs upon their own credit; that they were commission merchants and were employed by defendant to make the purchase, and payment in full was made to them.

Thomas, of this firm of Thomas & Co., gave his evidence by deposition, taken by defendant, by whom it was introduced and read at the trial. The second question and answer are as follows: "Are you interested in this cause, and if so, what interest have you? Answer. I hardly know; I purchased some furniture from plaintiffs and sold it to defendant; otherwise than that sale I have no interest in it. I have conveyed property to Gibbs, which should protect him." The abstract of defendant states that "the last sentence was objected to by defendant as incompetent, irrelevant and immaterial. The court sustained the objection and excluded it, and plaintiffs excepted. Upon rebutting, the plaintiffs offered said sentence as original evidence in their behalf, and defendant objected to the same as immaterial and not rebutting, and for the reason that no opportunity to cross-examine had been given, and as irresponsive. The court overruled the objection, and the same was read to the jury by plaintiffs' attorney, and defendant at the time objected." The admission of this evidence in the behalf of plaintiffs is made the grounds of an objection to the judgment.

There was no error in the ruling excluding the evidence at 1. EVIDENCE: defendant's request. The evidence presented in deposition : the deposition was taken by defendant, and was may be withheld. under his control. He could withhold it at his pleasure, or any part of it. While he could not withdraw it from the files (*Pelamourges v. Clark*, 9 Iowa, 1), he was not required to offer it in evidence. If he could withhold all of it, he could do the same with a part. The action of the court only permitted defendant to do that which was his right. The reason of the ruling of the court, as we shall presently see, is not indefensible.

III. But the deposition could, if not used by defend-2. ——: ——: ants, be introduced in evidence by the plaintiff. other party. *Wheeler v. Smith*, 13 Iowa, 564; *Pelamourges v. Clark, supra*. The same rule must apply to a part of a deposition not read by the party taking it.

IV. The evidence was not immaterial, for it surely exhibited the condition of the witness' interest in the suit, as

well as showed the character of the transaction between the parties. It was not irresponsive, for the question was intended to elicit facts concerning his interest. It was proper as rebutting evidence in behalf of plaintiff, for it showed the witness' connection with the transaction. If defendant was protected by the witness, an inference could be drawn as to which party was the purchaser of the goods. Thomas would protect the man he owed; if he purchased the goods of plaintiffs, they were the persons to be protected, for he owed them. If defendant purchased the goods and entrusted Thomas with funds to pay for them, which he did not apply in that way, then defendant was the party to be protected by Thomas. The evidence, we conclude, was properly admitted when offered by plaintiffs.

V. A writing was introduced to establish a custom among commission men transacting the business in which Thomas & Co. were engaged at the time of the purchase of the goods. The custom, it was claimed, pertained to transactions of the character of the one between the parties and Thomas & Co., which is involved in this suit. The witness was not permitted to testify as to the custom. He stated that he had last done business in Chicago, where the transaction was had, in the spring of 1871, when he left that city, and knew of the customs existing then, but knew of no change therein afterwards. The transaction was in the fall of 1872, more than a year after the time of which the witness could speak. His evidence shows that he was not sufficiently informed to testify as to the existence of the custom. The court therefore did not err in excluding his testimony.

3. ——: ——: custom.

VI. The plaintiffs were permitted to testify that the credit upon the sale of the goods was given to defendant. The evidence meets with objection from defendant on the ground that the witness testified to a conclusion of law, and not to a fact. There is no force in this objection. It is a question of fact to whom credit was given, and the witness was properly permitted to state the fact. It is true, from given facts, the law might hold that the credit was given to one party or the other. But no such facts were

4. ——: ——: question of fact.

Hale & Bro. v. Gibbs.

sought after by the party offering the evidence. The inquiry was simply as to the fact of credit, and the intentions of the parties.

VII. The plaintiffs, against defendant's objection, were permitted to show that the goods were charged to Gibbs. This is complained of as error. The evidence was properly admitted. The question to be determined was this: to whom was credit given? The intention of plaintiffs was involved in this inquiry; for if they had not intended to credit Gibbs, they would have no claim against him. The charge in their books showed this intention, which was an element to be considered in determining the question just stated.

VIII. The defendant objects to the court's rulings upon the instructions. His abstract does not show that any exceptions were taken to these rulings at the time they were made, but does show that defendant excepted thereto within three days after the trial.

5. PRACTICE: exceptions to instructions.

Exceptions to instructions may be taken at the time of ruling thereon, "without any stated reason therefor." Code, § 2787. Exceptions may be taken within three days after the verdict, but in this case " the exceptions shall specify the part of the charge or instruction objected to, and the ground of the objection." The same rule applies to the refusal to give instructions. Code, § 2789. The defendant failed to comply with the requirements of these sections. He cannot, therefore, object, in this court, to the rulings of the court below upon the instructions.

IX. The foregoing discussion disposes of all questions urged by counsel for defendant. Those presented in the assignment of errors and not pressed in argument are regarded as waived.

The judgment of the court below is

AFFIRMED.

SEEVERS, Ch. J., having been of counsel in this cause, took no part in its decision.