.PATTERSON v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

1. **Exceptions to Instructions:** IN MOTION FOR NEW TRIAL: TOO GENERAL. Section 2789 of the Code requires that exceptions to instructions, when made in a motion for a new trial, shall specify the part of the charge objected to, and the *ground of the objection.* For several instances of failure to state the grounds of objection with sufficient exactness, see opinion.

2. **Evidence:** OFFERED AT WRONG TIME: EXCLUSION. The exclusion of rebutting evidence, when offered in chief, is no ground for reversal, where the party fails to offer the evidence at the proper time afterwards. It cannot be said in such a case that the evidence was entirely excluded.

3. ——: CUSTOM ASKED FOR—FACTS GIVEN. Where a question was objected to as calling for a custom instead of for facts, but the objection was overruled, and the witness proceeded to state facts and not a custom, *held* that the party objecting was not prejudiced.

*Appeal from Linn Circuit Court.*

WEDNESDAY, MARCH 2.

ACTION to recover damages caused by a fire set out by an engine which was drawing a freight train on defendant's railway. Trial by jury, judgment for the defendant, and plaintiff appeals.

*Geo. W. Wilson,* for appellant.

*J. C. Davis,* for appellee.

SEEVERS, J.—I. No exceptions to the instructions were taken at the time they were given, but they were excepted to in a motion for a new trial filed within three days after verdict. It is provided by statute that this may be done, but in such case the " exceptions shall specify the part of the charge or instruction objected to, and the ground of the objection." Code, § 2789. In *Miller v. Gardner,* 49 Iowa, 234, it was held that an exception to instructions, taken in a motion for a new trial, that "the same are not applicable and

are not the law applicable to the case," was insufficient, because it was too general. As the ground of exception must be stated, it is obvious that none other than the stated objections can be considered.

The exception to the third instruction is as follows: "The court erred in giving the third instruction in form and manner it did, without more. It is misleading, (as it instructs to find for plaintiff, if they find the fire was set out on plaintiff's premises by sparks or fire from defendant's locomotive and by negligence. Now, it might have been set out on the right of way, and communicated to plaintiff's premises. It might have been set out by employes, and not from sparks or fire from locomotive, and the right of way may have been in bad condition, that without other negligence, the fire was communicated to plaintiff's premises, etc.)" The brackets are used by counsel, as above, and the words therein inclosed must, we think, have been used by way of argument in support of the exception preceding them. They cannot be regarded as a part of the exceptions. To say in a motion for a new trial that an instruction is erroneous, without more, and is misleading, is too general, and is clearly insufficient.

*1. EXCEPTIONS to instructions: in motion for new trial: too general.*

It is further said in the motion for a new trial: "The court erred in giving the fourth instruction in form and manner it did, without more, as it is contradictory and misleading, and does not express the full requirements of the law." This is clearly too general. It should have been stated wherein it is contradictory, misleading, and does not express the full requirements of the law. It is further said in said motion: "The court erred in giving the fifth instruction, as the same is surplusage and misleading, suggesting to the jury that in this action they are instructed to find for the defendant (it being in no manner liable, having been settled in right of way, etc., without negligence. The jury overlooked the words "without negligence etc., or fail to comprehend the full meaning in this connection.)" By the

use of the brackets, and the words therein included, we understand the same to have been used by way of argument in support of what precedes such words. An instruction may be erroneous, but it is difficult to see why it can be regarded as surplusage, but, if it is, the reason it is so regarded should be stated. It is not true that the instruction suggests to the jury that they must find for the defendant, nor does it instruct them to do so.

The foregoing are all the exceptions to instructions contained in the motion for a new trial, and, as their insufficiency under the statute is insisted upon by counsel for the appellee, we cannot disregard the point made, and therefore cannot determine whether the instructions are erroneous or not.

II. The plaintiff asked John Granerholtz when on the stand a question in these words: " I will ask you if this same train communicated any other fires that you

2. EVIDENCE: offered at wrong time: exclusion.

saw?" This question was objected to on the ground of immateriality. The court said: " That is in rebuttal," and plaintiff excepted. It is urged that the evidence sought to be elicited was admissible. Conceding this to be so, it cannot be said the court excluded it. The most that can be said is, the court thought that it was not admissible at that time. The witness was not introduced again, nor was the evidence offered in rebuttal. As the plaintiff had given evidence at the time the witness was introduced that the fire had been set out by the engine, and her damages, she had established her right to recover, unless at least the defendant showed that it had not been negligent, by showing that the engine was equipped with the best known appliances, and was in good order to prevent the escape of fire. It may be, therefore, the evidence was only admissible in rebuttal, and was purely of that character. But, be this as it may, it cannot be said that the evidence was excluded by the court except when offered.

III.   The defendant introduced one Rapp as a witness, who testified that he had charge of the engines on a part of the railway, and asked him what was the custom in reference to keeping the engines and netting good condition.   To this the plaintiff objected because irrelevant, and that a custom instead of facts was sought to be established.   In response thereto the court said: "I suppose they will follow it up by what was done.  Go on;" and this is what the plaintiff did.   The witness, instead of testifying to a custom, stated what the defendant did, and therefore the evidence given in reply to the question was not objectionable.   It is said that the defendant failed to establish that the netting on the engine in question, or that the engine in other respects, was in good condition, but this was a question for the jury.   It is urged that the evidence does not sustain the verdict.   But there was evidence tending to show that the defendant was not negligent, and, therefore, we cannot interfere.   Much was said in argument about the misconduct of the jury, but, as the record fails to disclose any misconduct, we are unable to remedy the wrong if there was one.

*3. ——:
custom asked
for—facts
given.*

AFFIRMED.