J. Byford, Appellee, v. C. W. Girton *et al.*, Appellants.

**Attachment:** DAMAGES: EVIDENCE. Where in an action for the wrongful suing out of an attachment the answer admitted the commencement of the attachment proceeding, the issuance of the writ, and the decision of the case against the plaintiff therein, *held*, that proof of the attachment proceeding by the introduction of the records and papers filed therein, was unnecessary. (1)

SAME. Evidence in such case that, after the trial of the attachment suit, the defendant herein went to the field of the plaintiff, and made threats of prosecution, if he "did not quit shucking," claimed the property under the attachment, and took away a part of the corn, is admissible for the purpose of showing the motive with which the attachment was sued out. (2)

SAME: INSTRUCTIONS TO JURY: EXCEPTIONS: APPEAL. The statement in a motion for new trial, that the court erred in giving certain specified instructions to the jury, is not such an exception to the action of the court as will entitle a party to have the correctness of the instructions considered in the supreme court. (3)

SAME: EXEMPLARY DAMAGES: VERDICT. It appearing that the attachment proceeding was unwarranted, and to have been resorted to more as a means of oppression or extortion than for the preservation of legal rights, *held*, that a verdict of two hundred dollars as exemplary damages would not be disturbed, although the actual damages sustained, as found by the jury, was but sixty dollars. (4)

SAME: DAMAGES COMMITTED BY AGENT: LIABILITY OF PRINCIPAL. A part of the damage complained of was committed by one of the defendants while acting as agent for his wife, and the petition herein contained no averment that any of the damage had been done by an agent, but both the husband and wife were plaintiffs in the attachment case, and defendants in this action, and the petition alleged that the wrongful acts were done by "these defendants." *Held*, that the wife was jointly liable with her husband for any wrongful acts done in the prosecution of the attachment proceeding. (5)

New Trial: GROUNDS. Newly discovered evidence which is merely cumulative in its nature is not a ground for a new trial.

*Appeal from Harrison District Court.*—HON. G. W. WAKEFIELD, Judge.

WEDNESDAY, JANUNRY 24, 1894.

ACTION for the wrongful suing out of an attachment. There was a judgment for the plaintiff, and the defendants appeal.—*Affirmed.*

*F. M. Dance* and *Chas. Mackenzie* for appellants.

No appearance for appellee.

GRANGER, C. J.—I. The attachment, for the wrongful suing out of which this action is brought, issued in a proceeding before a justice of the peace, and the damages in this suit are laid, *first*, for expenses and loss of time in defending against the attachment; *second*, for corn taken and destroyed, and *third*, for exemplary damages. The jury made a special finding under each claim for damage, and gave for the first twenty-five dollars, for the second thirty-five dollars, and for the third two hundred dollars, with a general verdict for two hundred and sixty dollars.

It is said that there was no basis for the proofs as to actual damages, because the records and papers were not put in evidence to show the attachment proceedings, and they were the only competent evidence in the first instance. Such proofs were not necessary, for the reason that the answer admitted such proceedings, and the issuing of the attachment. It is further admitted that the suit was appealed to the district court, and there "decided against the plaintiff in that suit."

In the same connection it is urged that the testimony as to attorney's fees was erroneously admitted, as such fees were, in part, for defending the claim as

well as resisting the attachment.   We think the appel-
lants are mistaken in that view.   Certainly the court's
instructions limited such recovery to defending "against
the writ," and we have looked to the evidence, and
find the same rule applied there in the admission of
testimony.

II.  After the trial before the justice in the attach-
ment suit, the defendants in this suit went to the field
of the plaintiff, and it is in evidence that they made
threats of prosecution against the plaintiff if he "did
not quit shucking," and claimed the property under the
attachment, and took at least part of the corn. Such
evidence was proper, as showing what was done, and
the motive in taking the attachment, whether malicious
or otherwise.   It is urged that, in the absence of a
threat of physical violence, or some "overt act," the
plaintiff should have maintained his possession, and
that the mere statements of Girton that he would take
the corn by virtue of the attachment would give no
right of action.   That is true.   The action is not for
what was said, but for what was done, for the trespass
in taking and injuring the corn wrongfully.   We are
not prepared to say that an action will not lie for injury
to property merely because physical force would have
prevented the injury.

III.   There are complaints as to some of the
instructions given by the court, but the record will not
permit us to consider them.   The only exceptions
taken to the instructions are embodied in a motion for
a new trial, in words as follows:   "The court erred in
giving the second, third, fourth, and fifth instructions
to the jury."   It may be doubted whether such words
amount to an exception.   They are nearer the language
for assigning error.   But if we assume the intention to
have them serve as an exception, and thus treat them,
there is still a failure to comply with the requirements
of the law where the exceptions are taken in a motion

for a new trial. The right to preserve exceptions in a motion for a new trial is given in Code, section 2789, and it provides in such cases that "the exceptions shall specify the part of the charge or instructions objected to and the ground of the objection." No ground of objection is specified in this motion. In *Patterson v. C., M. & St. P. Railway Co.*, 70 Iowa, 593, an exception in a motion for a new trial was in these words: "The court erred in giving the fourth instruction in form and manner it did, without more, as it is contradictory and misleading, and does not express the full requirements of the law." It is held that the exception was too general, and that the correctness of the instruction could not be considered. See, also, *Hale v. Gibbs*, 43 Iowa, 380.

IV. The jury assessed the exemplary damages at two hundred dollars. The award was made under an instruction that such damages were to be allowed where the injury complained of "was inflicted willfully and maliciously," and that they were given "as a protection to the plaintiff, and as a salutary example to others to deter them from offending in like manner." The validity of the instruction is not in question, and, while the amount of exemplary damages seems large, considering the actual damages, we are not prepared to say, in view of the testimony, that it is excessive. The attachment proceeding seems to have been unwarranted. In fact it seems to have been resorted to more as a means of oppression or extortion than for the preservation of legal rights.

V. The defendants are M. E. and C. W. Girton, the former being the wife of the latter. In the district court there was a motion to strike out all the evidence as to damage to corn, so far as the defendant M. E. Girton was concerned. The ground of the motion is that in the transactions as to the corn, including the suing out of the attachment, C. W. Girton was the

agent for his wife, and it is not alleged that she did the injury through her agent, but that she did it personally. The petition contains no averments as to any of the acts being done by an agent, but both were plaintiffs in the attachment proceedings, and both are made defendants in this proceeding, the petition averring the wrongful act to have been done by "these defendants." While there is evidence showing that the wife owned the land rented to the plaintiff, and owned the rental portion of the grain thereon, and that the husband was her agent in the act of renting, commencing the suit, and in fact generally, yet she knew of her being joined as party plaintiff in the attachment suit, and that it was being prosecuted for their joint benefit. Under such circumstances she is not in a position to deny a joint liability for acts done wrongfully in·carrying forward the prosecution, simply because her coplaintiff was, as between them, her agent. The position may also be said to be untenable on general principles.

VI. The appellants asked for a new trial on the ground of newly discovered evidence, which was refused, and properly so, for the new testimony was but cumulative. The verdict has full support in the evidence, and other important questions are disposed of in these considerations. The judgment is AFFIRMED.