RICHARD ELLISON V. CLARA A. BROWN ET AL.

FILED DECEMBER 5, 1894.     No. 5428.

Malicious Prosecution: DAMAGES: INSTRUCTIONS. An instruction which, in effect, left the determination of general damages resulting from malicious prosecution to be determined by the jury, guided by their opinions and judgment as reasonable men, *held* proper, where no evidence of special damages had been offered.

ERROR from the district court of Thayer county. Tried below before HASTINGS, J.

*C. L. Richards, Marquett, Deweese & Hall,* and *W. H. Morris,* for plaintiff in error, contending there was error in the court's charge to the jury, cited: *Moorhead v. Adams,* 18 Neb., 574; *Wasson v. Palmer,* 13 Neb., 378.

*Hambel & Heasty, contra.*

RYAN, C.

There was a verdict in the district court of Thayer county in favor of Clara A. Brown in this action for damages sustained by her from a. malicious prosecution commenced in the county court of Thayer county, on an information sworn to by Joel T. Albright, thereto incited, as she alleged, by Richard Ellison. For the review of the judgment rendered on the aforesaid verdict Albright refused to join in error proceedings in this court, for which reason Ellison joined him as a defendant in his petition in error filed for the purpose indicated. The information above mentioned was filed February 24, 1886, and charged that on that day Clara A. Brown did unlawfully, willfully, .and maliciously, in the day-time, break and enter a certain described store-house, which at that time was in the possession of Joel T. Albright, with the intent to steal certain

merchandise, the property of said Albright, contrary to the statutes of the state of Nebraska, etc. Previous to the said prosecution Albright had arranged to exchange 320 acres of his land for the stock of merchandise with reference to which the burglary was charged. Ellison had a mortgage on the same stock, and seems to have been desirous that the exchange should be fully consummated. His consent to a readjustment of his lien was therefore considered a matter of course, provided Albright and Brown should agree as to other details. This agreement was reached, and Albright sent information of that fact to Ellison, who, as Brown claims, refused to perform as he had promised to do in case Albright and Brown should come to an understanding. Thereupon Brown, who had delivered possession of the store-house and merchandise, by the use of a key which fitted a creamery lock which he had, resumed possession until matters should be adjusted all around. He was arrested, but as his wife, Clara A. Brown, as a member of the firm of J. L. Brown & Co. (for whom J. L. Brown had been acting), insisted that by the use of a revolver, if required, she would still retain possession, Albright, by means of the information above referred to, secured her arrest and absence so that safely he could and did obtain the possession which he coveted. The full details of the exchange above referred to and the difficulties encountered will be found described in *Ellison v. Albright*, 41 Neb., 93. The evidence was sufficient to sustain the averments, that the prosecution was begun solely that Albright might obtain possession of the stock of merchandise of which he had been dispossessed, and that there existed no justification for instituting criminal proceedings against Mrs. Brown. There was also such evidence as fully justified the jury in finding that the relation of Ellison to the prosecution was as charged in the petition. Mrs. Brown was taken to Hebron, distant about sixteen miles from the place of her arrest, and was detained there two or three days,

though the evidence does not show that during this time
she was confined in the jail.    Under the circumstances the
verdict was not for too large a sum.

It is urged, however, that the jury was not sufficiently
instructed as to the measure of damages which would be
applicable provided defendant in error was entitled at all to
a recovery.    If any special instruction was required, it
should have been requested. (*Klosterman v. Olcott*, 25 Neb.,
382.)   This was not done.    Plaintiff in error, however, in-
sists, that the only instruction given on this subject was so
palpably defective that of necessity the verdict was thereby
vitiated.    The instruction complained of was in the follow-
ing language: "The court instructs the jury, that if you
find in favor of the plaintiff, against either or both the de-
fendants, you will assess her damages at such sum as you
shall find from the evidence before you on this trial plaint-
iff has actually been damaged by reason of such of the
injuries complained of in plaintiff's petition as it is shown
by a preponderance of proof she has suffered." In argument
it is said that this instruction is vague and well calculated
to mislead the jury; that it does not require the jury to be
governed by the evidence, and that the jury from it might
understand that if they found against either defendant, they
might assess damages against both; and finally, that no
guide was furnished whereby they might properly estimate
damages.    In another instruction which was asked by El-
lison the jury had been told that they must be satisfied from
the evidence of the truth of these four propositions: "First,
that the defendant Ellison did instigate or cause a criminal
prosecution of the plaintiff Clara A. Brown ; second, that
the charge in the information of breaking the store as set
forth in the information was untrue; third, not only that
the information was untrue but that there was no reason-
able or probable cause for believing it to be true; and fourth,
that defendant Ellison, if he did instigate the prosecution,
was actuated by malice in doing so."   In other instructions

the necessity of proof of each fact, essential to entitle to a verdict, was insisted upon, so that the jury could not have reasonably supposed that they might assume the existence of facts which had not been proved. The instruction criticised does not justify a supposition that though the jury found only against one defendant they might return a verdict also against his co-defendant. No more exact statement of the measure of damages applicable than that above given has been suggested by counsel for plaintiff in error. In *Bank of Commerce v. Goos*, 39 Neb., 437, it was said: "General damages are such as the jury may give when the judge cannot point out any measure by which they are to be ascertained except the opinion and judgment of a reasonable man." Of necessity this criterion was the only one available in this case, and the instruction criticised, with fairness suggested to the jury its application. No error is discovered in the record, and the judgment of the district court is

AFFIRMED.