WILLIAM H. RULE v. JOHN McGREGOR, Appellant.

**Malicious Prosecution:** REVIEW OF VERDICT. Defendant swore to an information charging plaintiff with embezzlement, and he was arrested, and while in custody was driven by the officer through a neighborhood where plaintiff was well acquainted, during part of the afternoon and all of the night. The next day, when the trial came on, the complaint was dismissed by the justice. Defendant then went before another justice, filed a like information, and procured plaintiff's second arrest while he was attending a political convention to which he was ·a delegate, in the presence of many persons, and he was detained in cus-

tody until the next day. *Held*, that a verdict for $1,500 actual damages for such malicious prosecutions was justified, though but $106 special damages for money expended and loss of time was proved.

Appeal: DENIAL OF ABSTRACT. Where appellant's record is not certified, and appellee's abstract denies that certain exceptions were taken as to which errors are assigned, such denials must be taken as true.

EXCEPTIONS TO INSTRUCTIONS: *Made in motion for new trial.* Under Code, section 3709, providing that, when exceptions to the charge are first taken in the motion for a new trial, they must specify the part of the charge objected to, and the ground of objection, an objection in such motion "that the court erred in giving to the jury the instructions," stating the numbers of all instructions, is insufficient.

*Appeal from Crawford District Court.*—HON. S. M. EL-WOOD, Judge.

WEDNESDAY, JANUARY 22, 1902.

ACTION to recover damages for malicious prosecution. There was a jury trial, verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Russell & Toliver* and *E. B. Wilson* for appellant.

*J. P. Conner* for appellee.

WATERMAN, J.—The verdict was for the sum of $1,500 and, taking the form in which it was rendered, together with the instructions of the court, we must accept this amount as given for actual damages only. The first complaint made is that the verdict is excessive, plaintiff having shown a money loss of only $106. The damages which may be recovered in an action of this nature are of three kinds,—general, special, and exemplary. The first two fall within the category of actual damages. General damages are such as naturally flow from the act done,—as mental suffering from circumstances of indignity and hu-

miliation. These may be allowed by the jury, although no estimate in value of the injury so caused has been given in evidence. *Ellison v. Brown,* 43 Neb. 68 (61 N. W. .Rep. 97). Special damages must be pleaded as well as proved, and they include any items of actual money loss,—as here, $100 paid to attorneys for defending the actions and $6 for time lost. The special damage being such a small part of the amount allowed, it is thought the verdict is manifestly excessive. But this is not so. If no special damages had been suffered, plaintiff would still have been entitled to a substantial verdict if he made a case, and the amount to be allowed would have been largely within the discretion of the jury; their only limitation being that they should compensate plaintiff, and no more. In this instance an information charging plaintiff with the crime of embezzlement, and sworn to by defendant, was by him filed with a justice of the peace of Crawford county. A warrant was issued and plaintiff was arrested, and while in custody he was driven by the officer around through a neighborhood where he was well acquainted, during part of the afternoon and the whole of a night. The next day, when the trial came on, the complaint was dismissed by the justice. Defendant then went before another justice, filed a like information, and again procured plaintiff's arrest. This time plaintiff was taken into custody in the city of Dennison on the day when a political convention met, to which he was a delegate. The arrest was made in the presence of many persons, at the meeting place of the convention, just as that body had adjourned and its members were about to separate. On this occasion plaintiff was also detained in custody until the next day. That he was subjected to great indignity by these proceedings, and must have been deeply mortified and humiliated, is a necessary assumption. Defendant cites the case of *Davis v. Seeley,* 91 Iowa, 583, in which we held a verdict excessive in a case of this character, as a precedent to govern our action now. In that case the damages allowed were double

the amount given here, and the record showed the plaintiff to be a man of bad character. There is a fair intimation in the opinion that if plaintiff had possessed a good character, as the present plaintiff does, the amount of the verdict would not have been questioned by this court. We cannot say the verdict is excessive.

II. The other errors argued relate to one instruction said to have been asked by defendant, and refused by the court, and to a number of paragraphs in the charge given. An amended abstract has been filed by appellee in which it is denied that any such instruction is shown by the record to have been asked, or exception to have been taken to the refusal to give it, if it was in fact asked. Appellee denies, also, that any exceptions were taken to the court's charge at the time it was given. Appellants not having had the record certified, appellee's denial must be taken as true, under rule 22, relating to appeals to this court. With respect to the instructions given, however, if not excepted to at the time, appellant might still have taken exceptions in a motion for a new trial. Such a motion was filed. But when exceptions are first taken in the motion for a new trial, they must "specify the part of the charge or instruction objected to and the ground of objection." Section 3709, Code; *Hale v. Gibbs,* 43 Iowa, 380. This requirement was not observed in the motion before us. The only reference to objections to the charge given is in these words: "That the court erred in giving to the jury, on its own motion, the instructions 10, 11, 13, 14, 15, 16, 17, 18, 20, 21, and 23." This is not enough to warrant us in considering the objections urged to the charge. See further, on this point, *Dean v. Zenor,* 96 Iowa, 752.

No other matters than those referred to are discussed by counsel. It is apparent from what has been said that the judgment must be AFFIRMED.