MATHIAS KNOPP, Appellee, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**Practice:** EXCEPTIONS TO INSTRUCTIONS. Exceptions to instructions, 1 embodied in a motion for new trial, which do not identify or specify the part of the charge or instruction objected to, and do not point out the grounds of objection, are insufficient.

**Same.** A recital in a motion for new trial that exceptions were 2 taken to the instructions at the time they were given is not sufficient proof of that fact, as it is no more than an ex parte statement.

*Appeal from Jefferson District Court.*—HON. C. W. VERMILLION, Judge.

MONDAY, OCTOBER 26, 1908.

ACTION to recover damages for the diversion of surface water and for the creation of a nuisance. Trial to a jury. Judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Carroll Wright, J. L. Parrish,* and *Leggett & McKemey,* for appellant.

*Crail & Crail,* for appellee.

PER CURIAM.—Defendant did not except to the instructions at the time they were given, and in no manner challenged such of those as are now complained of, save 1. PRACTICE: exceptions to instructions. in its motion for a new trial, which, among other things, contained this paragraph: "(5) The court erred in his instructions numbers one to ——, both inclusive, and in each of them, which were all excepted by the defendant at the time." Section 3709 of the Code reads as follows: "Either party may take and file ex-

ceptions to the charge or instructions given, or to the refusal to give instructions asked, within three days after the verdict, which shall be a part of the record, and may include the same in a motion for a new trial, but in either case the exceptions shall specify the part of the charge or instruction objected to and the ground of the objection." Manifestly defendant's exception, embodied in its motion for a new trial, was insufficient under this section. *Rule v. McGregor,* 115 Iowa, 323; *Byford v. Girton,* 90 Iowa, 661.

Moreover, the identification of the instructions excepted to is not sufficiently specific. It is doubtful if any save number one is covered by the exception taken. A recitation in the motion for new trial that exceptions were taken to the instructions at the time they were given is not sufficient proof of that fact. The motion for a new trial, although a part of the record, is not the place in which to show exceptions taken to the instructions when given. It is nothing more than a statement of one of the parties, and is not a journal entry, nor a finding of the court that exceptions were taken. Indeed, the trial court, in overruling the motion, may very well have concluded that the instructions were not subject to review, because not properly excepted to.

2. SAME.

Because of the record before us, appellant presents nothing which we may consider, and the judgment must be, and it is, *affirmed.*