H. B. HARDENBURG & Co., Appellee, v. T. A. ROBERTS, Appellant.

**Evidence:** IDENTIFICATION OF INSTRUMENTS: OBJECTION. An objection that a letter attached to a deposition was not sufficiently identified should be made by motion within the statutory time to suppress the deposition; failing to do which the objection is not available when the deposition is offered in evidence.

**Statute of frauds:** AGREEMENT TO PAY THE DEBT OF ANOTHER.: CONSIDERATION. Although a new consideration is essential to a written promise to pay the debt of another; still, the rule is complied with where sufficient assets of the original debtor have been placed in the hands of the one so promising to pay the debt.

**Instructions:** EXCEPTIONS: SUFFICIENCY. Exception to an instruction taken after the verdict as ground for a new trial must point out the ground of the objection; it is not sufficient to state merely that the court erred in submitting the instruction.

*Appeal from Shenandoah Superior Court.*—HON. W. P. FERGUSON, Judge.

THURSDAY, APRIL 7, 1910.

THIS is an action on account for goods sold and delivered. There was a verdict and judgment for the plaintiff, and defendant appeals.—*Affirmed.*

*Earl R. Ferguson,* for appellant.

*Frederick Fischer,* for appellee.

EVANS, J.—There is no dispute between the parties as to the amount of plaintiff's account. Nor is it disputed that the goods and merchandise were furnished by the plaintiff to the defendant and upon his order. The

contention of the defendant is that he was acting in a representative capacity only in the purchase of such goods, in this: That he was the agent and general manager of the Crescent Art Company, a subsidiary branch of the Press Company of Lake Charles, Louisiana. It is undisputed that the original purchase purported to be made in the name of the Crescent Art Company, and that the account was charged against such company by the plaintiff. It is averred, however, by the plaintiff that such Crescent Art Company was not an incorporated concern, and that it was in sole charge of the defendant Roberts, and that he had charge of all its assets and property, and himself promised to pay the plaintiff's account. In support of its allegation that the defendant promised to pay the account, the plaintiff introduced in evidence the following letter (Exhibit E):

Crescent Art Company, Importers, Designers, Engravers, and Manufacturers of Calendars, Leather Goods, Novelties, and Advertising Specialties. T. A. Roberts, Manager. Phone No. 460, 910 Bilbo St., Lake Charles, Louisiana, 4—17—'06. H. B. Hardenburg & Co.—Dear Sirs: Your favor of recent date to hand relative to the balance due you. And I regret that it hasn't been so that this could have been paid before this, now the facts in the case is this, the Press Company failed to put up the last thousand dollars according to their contract with me which leaves this much still unpaid, and I find that their condition is such that it would be useless to try to force them to put it up. My contract with them ended the first of January, and, as this amount was still unpaid, they turned over to me the assets, and I am winding up the business, and, just as soon as it is wound up, will forward you the money; there is plenty to pay all the amount, but it takes some time to get it together, but you may rest assured that you will get your money, even if I had to pay it myself, for I would not allow the account to go unpaid. When the business took this turn, it left me in a position that I had to make some other arrangements for this year, and I am forming a stock company to continue

the business; we will incorporate for $12,000, and as soon as the incorporation is completed we will be in first-class shape to handle the business, and we will want to handle your line, but we will want to buy the goods direct not printed, so we would like for you to make us your best cash prices on the goods not printed. . . . T. A. Roberts.

The defendant objected to the introduction of the foregoing letter on the ground that it was incompetent, immaterial, and irrelevant, and not sufficiently identified by the witness, and because no consideration was proved. The letter was a part of the deposition of plaintiff Hardenburg, who identified it as a letter received from Mr. Roberts, and the same was attached to his deposition. We think the *prima facie* identification was sufficient. If it was not, the defendant should have filed a motion to suppress within the statutory time. This would have enabled plaintiff to furnish additional identification before the trial. This particular objection was not available to the defendant as a mere objection to be made at the time the deposition was offered in evidence. The defendant himself was a witness, and did not deny the writing of the letter. On the contrary, he explained what he meant and impliedly admitted its authorship. There was no error in admitting the letter.

1. EVIDENCE: identification of instruments: objection.

II. At the close of plaintiff's evidence, the defendant moved for a directed verdict on the ground that the goods were shown to have been sold to the Crescent Art Company, and that the promise made by the defendant was without consideration. This motion was overruled, and the defendant complains of the ruling. Without passing upon the question whether a new consideration is essential to support a written promise to pay the debt of another, it is sufficient to say that the letter purports a consideration,

2. STATUTE OF FRAUDS: agreement to pay the debt of another: consideration.

in that sufficient assets of the company had been placed
in the hands of the plaintiff in order to pay the account.
The trial court therefore properly overruled this motion.

III.   The evidence of defendant was all received with-
out objection, and this part of the record presents no
question for our consideration.   Based upon testimony
given by the defendant, the trial court gave
the following instruction, No. 5: "You are
also instructed that if you find from the
evidence that the Crescent Art Company was a mere name
for business purposes auxiliary to the Press Company, and
you further find that defendant had an interest therein
for sharing its profits, then defendant would be liable
for the payment of the company's debts, and plaintiff
would be entitled to recover the amount of the account
in controversy."   The appellant complains of this instruc-
tion on various grounds, one of which is that there is
no allegation of partnership in the petition.   Appellant,
however, took no exception to the instruction at the time
it was given.   The only semblance of an exception is con-
tained in his motion for a new trial, which is in these
words: "That the court erred in submitting instruction
No. 5."   If this exception had been taken at the time the
instruction was given, it would have been sufficient in
form.   But Code, section 3709, expressly provides that,
when exception to an instruction is taken after verdict
by filing the same within three days, the "ground of ob-
jection" must be stated.   The appellant is therefore not
entitled to a review of the instruction complained of.

No other alleged errors are presented for our con-
sideration.   The judgment below is therefore *affirmed.*

3. INSTRUCTION:
exceptions:
sufficiency.