JAMISON & SMYTH v. C. H. RANCK, Appellant, and THE
CITY OF CEDAR RAPIDS, Defendant.

**Appeal:** EXCEPTIONS: REVIEW. Where no proper exceptions are
taken to instructions at the time they are given or at any time
thereafter they will not be reviewed by the appellate court.

*Appeal from Linn District Court.*—HON. W. N. TREICH-
LER, Judge.

.TUESDAY, JANUARY 10, 1911.

ACTION at law for the recovery of attorney's fees.
Trial to a jury. Verdict and judgment for plaintiff, and
defendants appeal.—*Affirmed.*

*F. L. Anderson,* for appellants.

*D. E. Voris* and *Jamison, Smyth & Ham,* for appellee.

DEEMER, J.—Plaintiff is a partnership engaged in the
practice of law in the city of Cedar Rapids. As such

it performed certain legal services for the defendant Ranck, and it brought this action to recover compensation therefor, alleging that they were performed under an unsigned written contract, which, although not signed, was acted upon by the parties as if it had been. The written memorandum of agreement read in this wise: "This Memorandum of Agreement made this —— day of May, 1905, by and between C. H. Ranck of Cedar Rapids, Iowa, and Jamison & Smyth of Cedar Rapids, Iowa, is to show: That said C. H. Ranck has employed said Jamison & Smyth to prosecute in the District Court of Linn County, Iowa, an appeal from the award of a sheriff's jury the damages for the appropriation of fractional lot No. —— of the original Town of Kingston, now Cedar Rapids. That said Jamison & Smyth are to receive as compensation for said services the following: If said award of $7,500.00 is not increased the sum of $25.00 per day for services in preparation for trial and trial of said appeal. In case the said award is raised on the appeal above said $7,500.00 then said Jamison & Smyth are to receive five percent on the amount of said increase and the statutory allowance to be fixed by the court. In case the said five percent and statutory allowance fall below $250.00 then said Jamison & Smyth shall receive in addition thereto $25.00 per day for two days spent in preparation."

Plaintiffs appeared for defendant in the district court of Linn County and secured an increase of the award mentioned in the memorandum agreement from $7,500 to $11,000. Thereafter the city which instituted the condemnation proceedings appealed to this court, and plaintiffs represented Ranck on this appeal, and performed the necessary legal service in this court. The judgment of the district court was affirmed on that appeal. It is claimed that the services in this court were rendered at the special instance and request of the defendant, and that they were

worth the sum of $500. Plaintiffs also claim that they advanced $5.15 in cash for the defendant for which amount they asked judgment. Defendant denied the making of the written contract, or that it was accepted or acted upon, and alleged that, while plaintiffs performed the service for which they seek compensation, they were to receive in full therefor whatever atteorney's fees were allowed by the district court and by this court on appeal under the condemnation acts of this state in full compensation for their services; that attorney's fees were allowed which were paid to and accepted by plaintiffs, and that nothing further is owing. Upon these issues the case was tried resulting in a verdict and judgment for plaintiffs in the sum of $500. Practically the only propositions relied upon for a reversal have reference to the instructions given by the trial court. An examination of the entire record discloses that no proper exceptions were taken to these instructions at the time they were given or at any time thereafter. There is therefore nothing for us to consider. *Rule v. McGregor,* 115 Iowa, 323; *Knopp v. Railroad Co.,* 139 Iowa, 644; *Miller v. Gardner,* 49 Iowa, 234; *Hardenberg v. Roberts,* 146 Iowa, 696.

We have examined the instructions complained of, however, and find no error. The objections thereto are hypercritical and without merit.

The verdict has support in the testimony, and the judgment is *affirmed.*