## COCHRAN v. MILLER.

1. EVIDENCE: LEADING QUESTION. A question propounded to a witness in a form which would suggest an answer unfavorable to the party propounding it should not be regarded as leading.

2. SAME: OPINION. In an action for damages for mal-practice in the medical treatment of plaintiff by defendant, the father of the plaintiff who had the means of knowing the treatment she had received, was asked, "whether or not he would most likely have known of the application of any other medicines than those applied by the defendant, if they had been applied to the arm?" *Held,* That the question was not objectionable as asking for an opinion.

3. MAL-PRACTICE: DAMAGES. In an action for damages against a physician for non-fulfillment of contract in the treatment of a disease which he had undertaken to treat; and for gross negligence in treating the same, the plaintiff may recover vindictive as well as actual damages.

*Appeal from Greene District Court.*

FRIDAY, APRIL 11.

MAL-PRACTICE. Verdict for plaintiff, and defendant appeals.

*James M. Ellwood* for the appellant.

As to the questions raised on the ruling of the court below in refusing to suppress portions of the deposition of C. H. Rawson, cited 1 Stark. Ev., 124; 2 Cow. & Hill's Notes, Phil. Ev. (2d ed.), note 322, p. 722; *McCarver* v. *Nealy*, 1 G. Greene, 360; *Hendricks & Cooper* v. *Wallis*, 7 Iowa, 224; *The State of Iowa* v. *Nash and Redont*, 7 Id., 347. As to the ruling of the court upon the objection to the interrogatory propounded to the witness Cochran, *Gibson* v. *Williams*, 4 Wend., 320; *Jefferson Insurance Co.* v. *Cotheal*, 7 Id., 72; *Norman* v. *Wells*, 17 Id., 136; *Paige* v. *Hazard & Kelly*, 5 Hill, 603; *Lamoure* v. *Caryl*, 4 Denio, 370; *Morehouse* v. *Matthews*, 2 Conn., 514; *Merritt* v. *Seaman et al.*, 2 Seld. R., 168; *Harger* v. *Edmonds*, 4 Barb. S. C. R., 256; *Giles* v. *O'Toole*, 4 Id., 261; *Doolittle* v. *Eddy*, 7 Id., 74; *Whitmore et al.* v. *Bowman*, 4 Greene, 148. As to the charge to the jury, Sedg. Dam., 36 (2d ed.), and 204; 1 Kent Com., 618, note. (8th ed.)

*Phillips & Phillips* for the appellee.

The court ruled correctly upon the interrogatories to, and answers of, the witness Rawson. *Thompson* v. *Blanchard*, 2 Iowa, 44. The objections now urged were not presented to the District Court and will not be considered here. *Berry* v. *Gravil*, 11 Iowa, 135; *Mumma* v. *McKee*, 10 Id., 107; *Keeny* v. *Chilis*, 4 G. Greene, 416; *Adams* v. *Foley et al.*, 4 Iowa, 44; *Jones* v. *Smith*, 6 Id., 230; *Stutzman* v. *School District No. 2*, 1 Id., 95. The appellant was not prejudiced by the ruling of the court if it was erroneous. *The State of*

*Iowa* v. *Groome*, 10 Iowa, 308; *Campbell* v. *Chamberlin et al.*, Id., 337; *Pelamourges* v. *Clark et al.*, 9 Id., 1; *Smith & Co.* v. *Clark et al.*, Id., 376.

WRIGHT, J.—It is first objected that the court erred in overruling the appellant's objection to certain interrogatories to the witness Rawson, and the answers thereto. Rawson was a physician. Plaintiff claims that defendant was guilty of negligence and malpractice in prescribing for and treating her arm. Rawson, the witness, did not see the arm for some time after this treatment. It was material, on the trial, to account for the scar found on the limb and the contraction of some of the muscles. It seems, that at the time of the treatment the plaintiff was thought to have erysipelas. The witness was asked, "Whether or not the scar and contraction on the arm could or would not be the legitimate result of erysipelas." This was objected to as leading and irrelevant. Several other questions of the same character were objected to upon the same grounds.

The objections were correctly overruled. In view of the issue made, no testimony could certainly be more material or relevant than that sought to be elicited by the inquiry. The question is far from being well propounded, in view of the testimony sought, but the defect strikes the plaintiff and not the defendant. If any answer is suggested by the inquiry, it is one against the party asking the question, and not in his favor. The witness could not fairly nor reasonably conclude that he was expected to state that something else than erysipelas had produced the scar and contraction. The question was not leading.

II. It seems that defendant claimed that other medicines were applied than those prescribed by him. The father of plaintiff was asked: "Whether or not he would most likely have known of the application of any other medicines than those applied by the defendant, if they had been applied to the arm." It is objected that this interrogatory

called for the *opinion* of the witness on a matter of fact, and was therefore objectionable. The position is not tenable. The plaintiff was living in her father's house. He had abundant means of knowing the treatment she received. His answer to this question would be no more objectionable, upon the ground of containing an *opinion* instead of a *fact*, than if he stated that defendant had prescribed and given medicine for the disease. The inquiry is a very common one, and one that may be fairly and legitimately made under the precise circumstances as here disclosed. Were other medicines applied? Plaintiff says not, and to maintain, so to speak, this negative, she makes this inquiry of one who had ample means of knowing.

III. The following instruction, given at the request of plaintiff, was objected to: "If you further find that the contraction and scar, and deformity of the arm of plaintiff, was occasioned by the improper treatment of plaintiff by defendant, and the application of improper remedies, then you are not restricted to the actual damages plaintiff has sustained, but may give such further damages as, in your judgment, would be proper under the circumstances of the case." Plaintiff seeks to recover of defendant, not alone for the non-fulfillment of his contract, but for his gross negligence in the treatment of the disease which he had undertaken to treat. If there was such negligence and inattention, (all of which the court had previously explained,) then the instruction was certainly not objectionable. The language used is not so definite as it might have been, and perhaps should have been, if defendant had asked it. But it does not assert an improper rule of damages, and this is the extent of the objection to it.

IV. If it affirmatively appeared that all of the testimony was before us, we should very strongly incline to the conclusion that the verdict was not warranted. This is not shown, however, and the judgment must stand

Affirmed.