## WILLIAMSON v. WESTERN STAGE COMPANY.

Measure of damages: EXEMPLARY. Exemplary damages can be properly awarded only in cases in which the evidence shows fraud, malice, gross negligence or oppression on the part of the defendant.

*Appeal from Warren District Court.*

FRIDAY, DECEMBER 28.

PETITION in ordinary to recover damages for injuries resulting from being overturned in one of defendant's coaches. The answer is in general denial.

There was a jury trial, verdict for plaintiff for $375, and judgment thereon, from which the defendant appeals.

*Finch, Clark & Rice* for the appellant.

*J. E. Williamson pro se.*

COLE, J. — The only error assigned is the overruling of the defendant's motion for a new trial on the ground, that the verdict was contrary to the evidence.

1. MEASURE OF DAMAGES: exemplary. The point made in argument is, that the damages are clearly exemplary and excessive, since the evidence does not show that plaintiff lost a single day of time or expended over two dollars for remedies on account of his injuries; and that exemplary damages could not properly be awarded, because there was no proof of fraud, malice, gross negligence or oppression on the part of defendant or its agents or servants. The counsel for appellant state the law of damages correctly. But the plaintiff in his petition claims, that there was gross negligence, and there was some proof tending to show this, — such as sending a driver who had never driven over the road before, and that, too, in a very dark

and stormy night; his getting out of the road, and for that reason running over a large stump, causing the coach to upset suddenly, and other facts.    At all events, it was a question of fact for the jury to determine, and upon which, under the evidence in this case, their verdict, although it may be different from what we would have found, is, nevertheless, under the well settled rule of law, conclusive upon us on appeal.

There is no complaint by appellant of the instructions given by the court to the jury, and indeed there could not be, for they are quite as favorable to the defendant as the law of the case would justify.

The verdict of the jury, though within the range of their legal power, is nevertheless another illustration of the general disposition or tendency of juries to visit severe penalties here, upon corporations which are supposed to be exempt from punishment hereafter.    If it is true, as is sometimes said, that the aggregate corporate conscience is less than that of its individual members, it is balanced if not atoned for, by the greater punishments here, visited upon them in the shape of liberal verdicts of juries against them.

Affirmed.