WARD v. WARD.

1. **Damages:** PUNITIVE MAY BE RECOVERED. Punitive damages may be recovered in a civil action for a wrongful act, notwithstanding the act constitutes an offense punishable under the criminal statutes.

2. ——: ——: PUBLIC GOOD. The public good in the restraint of others from wrong-doing, as well as the punishment of the offender, is to be considered in estimating exemplary damages.

3. ——: ——: INSTRUCTION. An instruction that " additional exemplary or vindictive damages may be allowed in any amount in your discretion, proper or necessary to restrain the defendant and others from the commission of like acts in the future," providing the verdict does not exceed the amount claimed, was *held* to be correct.

*Appeal from Johnson Circuit Court.*

MONDAY, DECEMBER 13.

ACTION to recover damages sustained by plaintiff by reason of personal injuries inflicted by defendant upon her by a willful and malicious assault. There was a verdict and judgment for plaintiff. Defendant appeals.

*Clark & Haddock* and *Fairall & Bonorden*, for appellant.

In estimating damages the jury should be restricted to the injury sustained by the plaintiff, alone; they are not allowed to consider its effect upon others. (*Hendrickson v. Kingsbury*, 21 Iowa, 379.) While a recovery for a personal injury may operate in some degree as a punishment which results from the redress of a private wrong, it nevertheless cannot be had as a punishment on behalf of the public. (*Chiles v. Drake*, 2 Met., 146.) The only proper application of damages beyond

those to the person, property or reputation, is to make reparation for the injury to the feelings of the person injured. (*Daily Post Co. v. McArthur*, 16 Mich., 447.)

*Boal & Jackson*, for appellee.

Punitive damages are not compensation to the complainant, but punishment for the wrong done, and are recoverable although the offense is punishable by statute. (*Hendrickson v. Kingsbury*, 21 Iowa, 379; *Tillotson v. Cheetham*, 3 Johns., 64; *Woert v. Jenkins*, 14 Id., 352; *Roberts v. Mason*, 10 Ohio St., 277; *Taylor v. Church*, 4 Seld., 462.) Exemplary or punitive damages are given by way of punishment for intentional wrong, to operate as an example to others. (1 Hill. on Torts, 251; Sedg. on Dam., 587; *Bailey v. Dean*, 5 Barb., 303; *Fry v. Bennett*, 4 Duer, 267.)

Beck, J.—The giving of the following instruction, which was applicable to the evidence, is made the ground of the only objection to the judgment urged before us:

"If you find from the evidence that the defendant assaulted, beat and bruised the plaintiff in an ignominious manner, openly in the public highway, with intent to injure her person, and for the purpose of gratifying a malicious purpose, then you may allow her additional exemplary or vindictive damages in any amount in your discretion proper or necessary to restrain the defendant and others from the commission of like acts in the future; but your verdict will not exceed the amount claimed."

It is insisted that the instruction erroneously directs the finding of damages which shall operate to restrain defendant and others from the commission of like acts in the future.

It is the settled rule in this state that in cases of this kind, where the proper facts are shown, and it appears that the act

1. DAMAGES: punitive. complained of is punishable under the criminal statutes, punitive or exemplary damages may be allowed. *Guengerich v. Smith*, 35 Iowa, 587; *Garland v. Wholeham*, 26 Id., 185; *Hendrickson v. Kingsbury*, 21 Id., 379.

Ward v. Ward.

Among the objects attained by the allowance of exemplary damages are the punishment of the wrong-doer and the example
2. ____ : ____ : whereby others are deterred from the commission
public good.  of like wrongs; and, it is often said, such damages are allowed for these purposes.    Sedgwick on Measure of Damages, p. 587, note; 1 Hilliard on Torts, p. 251, note *a;* *Anthony v. Gilbert,* 4 Blackf., 348; *Taylor v. Church,* 8 N. Y., 342–460; *Bailey v. Dean,* 5 Barb., 297–303; *Roberts v. Mason,* 10 Ohio St., 277–280.

Indeed, it appears that one of the objects of punishment in all cases is to prevent the repetition of the crime by the culprit and others.    The example of punishment, it is presumed, will deter others from the commission of the offense in the future.

Counsel for defendant insist that while, in proper cases, exemplary damages may be allowed for the purpose of punishing the defendant, they ought not to be carried to the extent that they may serve as an example to others; that is, the defendant ought not to suffer for the purpose of public good. It is true that vindictive damages are never allowed alone for the purpose of public good through the example given in their assessment.    The effect upon the public is but an incident, just as the effect of punishment in criminal cases incidentally operates to deter others from the commission of crime.

It is claimed by defendant's counsel that, in civil cases, damages ought to be limited to the extent that will operate alone upon the offender as a punishment, and a restraint of his future conduct; the example to others ought to be kept out of view.    This is impossible, because, in all cases of punishment, the example will reach and affect the public.    There cannot be a punishment without an example; the two are inseparable. If punishment be administered so there will be no example for the good or ill of the public, it ceases to be punishment. As the example always attends punishment, and of necessity reaches and affects the public, the law will wisely administer it, both in civil and criminal cases, with a view of producing a good effect by the example.                    AFFIRMED.