THE STATE v. HALL.

1. **Civil Rights:** VIOLATION BY BARBER: INSUFFICIENT INDICTMENT. Defendant, who was a barber, owning and operating a barber shop, was indicted for a violation of chapter 105, Laws of 1884, in refusing to shave one Bennett, who presented himself for that purpose. The indictment stated, as the gist of the offense, that " the said Ben Hall then and there knowingly, willfully and unlawfully refused to shave said Bennett, and would give no reason therefor." *Held* that it was insufficient, because it did not allege that no good reason existed for his refusal to shave Bennett. His refusal to state his reason was at most a lack of politeness, and not a misdemeanor.

*Appeal from Mahaska District Court.*

TUESDAY, OCTOBER 11.

THE defendant is a barber, and carries on his business in a shop in the city of Oskaloosa. He was indicted, tried and

convicted for refusing to shave another in his said shop. He appeals.

· *Lafferty & Morgan*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ROTHROCK, J.—The indictment was in these words: " The said Ben Hall, on the first day of March, in the year of our Lord 1886, in the county aforesaid, was the owner of, and had in his possession and under his control, a barber-shop, in the city of Oskaloosa, in said county; said barber-shop being then and there a public place, resorted to by divers persons for the purpose of having their hair dressed and being shaved therein by said Ben Hall, whose trade and occupation was that of a barber, and who was on said date pursuing said trade in said barber-shop; and, while thus employed therein, one C. R. Bennett entered said barber-shop, seated himself in one of the chairs therein, and requested said Ben Hall to shave him; and the said Ben Hall then and there knowingly, willfully and unlawfully refused to shave said Bennett, and would give no reason therefor, contrary to and in violation of the provisions of chapter 105 of the Acts of the Twentieth General Assembly of the state of Iowa."

The statute upon which the indictment was founded is as follows:

"SECTION 1. That all persons within this state shall be entitled to the full and equal enjoyment of the accommodations, advantages, facilities and privileges of inns, public conveyances, barber-shops, theaters and other places of amusement, subject only to the conditions and limitations established by law, and applicable alike to every person.

"SEC. 2. That any person who shall violate the foregoing section by denying to any person, except for reason by law applicable to all persons, the full enjoyment of any of the accommodations, advantages, facilities or privileges enumerated in said section, or by aiding or inciting such denial, shall, for each offense, be deemed guilty of a misdemeanor."

There was a demurrer to the indictment; one ground of which was that the charge and facts set forth in the indictment do not constitute an offense punishable by law. The demurrer was overruled. We think it should have been sustained, upon the ground above set out. The indictment charges that on the 1st day of March, 1886, the defendant was engaged in his occupation, and while thus employed he refused to shave one Bennett, and gave no reason for such refusal. It is true, it is stated that the defendant knowingly, willfully and unlawfully refused to perform the service. But this allegation is more in the nature of averring a legal conclusion than an allegation of fact. It is also averred that defendant would give no reason for his refusal. This is clearly insufficient. There should have been an averment that there was no good reason, and it should have been averred that at the time and immediately after the alleged refusal he proceeded to shave others. For aught that appears in the indictment, there may have been good reasons for the refusal. The law cannot be construed so as to compel a barber to shave every one who presents himself for that purpose. The proposed customer may be drunk, disorderly, profane, or filthy, or he may have some contagious disease, such as barber's itch, or the like, and it would be no violation of the law if the barber should refuse to shave all such persons. Or, for anything that appears in this indictment, the defendant may have desired to go to his meal at the time Bennett demanded to be shaved. It is obvious that the indictment does not charge facts sufficient to show that the defendant was criminally . guilty of discriminating against Bennett, and in favor of others; and, for aught that appears, Bennett may have seated himself in the chair before his turn came to be shaved. There may have been many good reasons for the refusal. In such case the defendant would perhaps be lacking in politeness in not giving the reason for his refusal, but this would be no crime.

As the cause must be reversed upon the ground above

pointed out, we need go no further in the case. It is claimed in argument that the defendant is not liable under a proper construction of the statute, and that, if liable, the statute is unconstitutional. It will be time enough to determine these questions when a case is presented with the necessary averments showing that the law has been violated.

REVERSED.