## ED. WELSH, Appellant, v. GUST HALEEN.

**Pleadings:** AMENDMENT. It was not an abuse of discretion for the court to permit the defendant, at the close of all the evidence, to amend his counterclaim for the wrongful suing out of an

attachment, so that the same would be based on the attachment bond.

**Wrongful attachment:** MALICE: BURDEN OF PROOF: INSTRUCTION. 2 Under a counterclaim for wrongful attachment, an instruction that if plaintiff had no reasonable cause to believe the ground alleged for the attachment to be true, the jury might infer that it was maliciously sued out, was neither erroneous nor placed the burden on plaintiff to show want of malice; especially as the court further told the jury that the burden was upon defendant to show that plaintiff had no reasonable cause to believe that the ground stated for the attachment was true, which carried with it the burden of proving malice.

**Same:** BURDEN OF PROOF. Where there is direct proof of malice in 3 suing out an attachment, it combines with the inference of malice to be drawn from the fact that the attaching creditor had no reasonable cause for believing that the ground of the attachment was true, in establishing the preponderance of evidence required of the party alleging that the attachment was wrongful.

**Same:** EXEMPLARY DAMAGES: EXCESSIVE VERDICT. The allowance of 4 exemplary damages and the amount thereof rests with the jury; and the instruction that where malice is found the jury is not limited to actual damages, nor required to scrutinize the amount of the verdict very closely, was not erroneous; as it could only be understood to apply to the amount of exemplary damages. There was warrant for the allowance of both actual and exemplary damages in this case, and the verdict is not so large as to warrant interference.

*Appeal from Boone District Court.*—HON. ROBERT M. WRIGHT, Judge.

TUESDAY, NOVEMBER 19, 1912.

THE facts are stated in the opinion.—*Affirmed.*

*Goodykoontz & Mahoney,* for appellant.

*D. G. Baker,* for appellee.

SHERWIN, J.—The plaintiff brought this action on an account claimed to be due from the defendant, who was

for several years a tenant on his farm. The action was
aided by a general attachment. The defendant filed counterclaims for sums said to be
due him on account, and for the wrongful suing out of the
attachment. The case was tried to a jury, and a general
verdict was returned for the defendant upon which judgment was entered. The plaintiff appeals.

1. PLEADINGS: amendment.

The plaintiff's account amounted to $261.75, and of
this sum $100 was claimed for feed furnished to two colts
that defendant had kept on the place for a time before the
termination of his tenancy. The defendant counterclaimed
on an account amounting to $77.68, and in a separate counterclaim asked damages for the wrongful suing out of the
writ of attachment. Defendant admitted in his answer
that there was due the plaintiff on his account the sum of
$144.84, and plaintiff admitted defendant's account to the
extent of $9.69. The defendant's original counterclaim
for the wrongful suing out of the attachment was not based
on the attachment bond, and, after the close of the evidence,
the plaintiff moved for a directed verdict on that part of
the case for the reason above stated. Thereupon, the court
told defendant's attorney that he might amend, and he did
so, whereupon the motion to direct was overruled. There
was no abuse of the court's discretion in the matter, and the
plaintiff does not appear to have been prejudiced by the indulgence. Permitting the amendment operated to give both
parties an opportunity to submit their claims to the jury,
and was in the interest of justice to both.

Some other minor matters are complained of, but we
see nothing of a nature requiring more specific treatment,
and we shall, therefore, discuss the grounds upon which
appellant evidently relies for a reversal.

The most serious complaint is made of instruction No.
15, wherein the jury was told that, if it found that plaintiff had no reasonable cause to believe that either of the
grounds alleged for attachment were true, then, in such

case, the jury would have a right to infer that the attachment was maliciously sued out. Appellant's principal contentions at this point are that the instruction did not state the correct rule of law, and that, if it did, it placed the burden, under the record, on plaintiff to show want of malice. The rule stated is in harmony with *Ahrens v. Fenton,* 138 Iowa, 559, and the cases therein cited, and need not be further discussed here. In another instruction the court distinctly told the jury that the burden of proof was upon the defendant to prove that plaintiff had no reasonable ground to believe that the grounds stated for the attachment were true, and this burden carried with it the burden of proving malice, because, under the instructions, malice could only be inferred from facts proven by defendant. The inference of malice, under the circumstances given, may be inferred whether there is direct proof of malice or not.

*2. WRONGFUL ATTACHMENT: malice: burden of proof: instruction.*

If there is direct proof thereof, the two combine in establishing the preponderance that must be furnished by the defendant. Here there was independent evidence from which the jury might have found malice, and we think the evidence, as a whole, sufficient to warrant the verdict.

*3. SAME: burden of proof.*

The court instructed that, where malice is found, the "jury are not limited to actual compensation nor are they required to scrutinize very closely the amount of the verdict." This language seems to be so clear that a jury could not have understood it to apply to any matter other than the amount of exemplary damages allowed, if any were allowed.

*4. SAME: exemplary damages: excessive verdict.*

The matter of allowing exemplary damages and the amount thereof rests with the jury. *International Harvester Co. v. Hardware Co.,* 146 Iowa, 172; *Union Mill v. Prenzler,* 100 Iowa, 540.

Appellant argues that the record shows that the jury

awarded the defendant exemplary damages all out of proportion to the actual damages proven.   We shall not attempt to determine just the amount of actual or exemplary damages allowed by the jury.   It is true that defendant's actual damage could not have been large, but, in any event, the exemplary damages actually allowed can not exceed about $90, and it may be even less than that amount. There was actual damage and a warrant for exemplary damages, and we do not think the latter so excessive as to require our interference therewith.   We find no substantial reason for either modifying or reversing this judgment, and it is therefore—*Affirmed.*