G. M. MANNING, Appellee, v. B. V. MEADE, Appellant.

LIBEL AND SLANDER: Actions—Evidence—Sufficiency. Evidence reviewed, and held sufficient to support a verdict for plaintiff.

LIBEL AND SLANDER: Actions—Instructions—Imputation of Theft. A defendant in an action for slander is adequately protected by an instruction to the effect that, even though he spoke the words charged, no recovery could be had if he did not intend to impute the crime charged by the pleadings.

EVIDENCE: Similar Facts and Transactions—Malice, etc. In an action for slander based on an imputation of theft, the matter covered by the files and pleadings in a former civil action by defendant against plaintiff, having no relation to the subject

matter of the slander action, is too remote to have any proper bearing on the issue of malice.

**LIBEL AND SLANDER:** Damages—$2,500—Excessiveness.  The
4   legal presumption that damages follow the speaking of words which impute a charge of theft will not, *alone and of itself*, sustain a verdict of $2,500.

*Appeal from Wright District Court.*—H. E. FRY, Judge.

THURSDAY, SEPTEMBER 20, 1917.

ACTION at law to recover damages for an alleged slander.   Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed on condition.*

*Birdsall & Birdsall* and *Eugene Schaffter,* for appellant.

*Robert Healy,* for appellee.

1. LIBEL AND SLANDER: actions: evidence: sufficiency.

WEAVER, J.—I.   The petition is in three counts, each alleging that the defendant, speaking to a third person of and concerning plaintiff, used language which, in substance, charged the latter with stealing corn belonging to the defendant.   The defendant answered, denying the petition generally and specifically.   Trial was had to a jury, which returned a verdict for plaintiff for $2,500.

The evidence tended to show that plaintiff was formerly a tenant on the farm of the defendant; that their relations were unpleasant; and that litigation occurred between them over matters connected with the tenancy.   One Hunt succeeded plaintiff as the tenant of defendant, and when Hunt came to shell the corn raised by him on the farm, plaintiff appears to have been employed to assist in hauling it to the elevator, where it was stored for Hunt and the defendant.   Defendant admits that he believed and said that the amount stored to his credit was short, but whether he charged plaintiff with stealing or wrongfully

appropriating any part of it is the subject of dispute. His own statement is that he never thought or said to anyone that plaintiff had stolen or taken the corn, but he did believe and say that the shortage was due to the mistake or wrong of the persons operating the elevator. The case made by the plaintiff tends to show as follows: The witness Evers says that defendant said to him:

"When Hunt and I shelled our corn, several loads of corn came up missing, and in tracing it out, it was found that Manning had taken the corn, and, upon inquiry for the same at the elevator, it was traced to Manning's place."

This alleged statement is the basis of the first count of the petition. The second count relates to a statement made to one Moseley. This witness says that defendant said to him:

"When I shelled my corn, I was short about three loads, and it looked very suspicious on Manning's part."

The third count is supported by the testimony of one Nelson, who says:

"Mr. Meade came up to me and asked if I had heard the dirty trick about Manning and the corn. I said, 'No.' Mr. Meade told me he was two or three loads short. He said Manning had that corn, and Manning had to come and settle for it; and said it was worse than stealing in the nighttime, and he could put him behind the bars for doing it."

If the jury believed these witnesses, it is quite clear that the verdict finding that defendant did, in substance and effect, charge the plaintiff with larceny of the corn, is not without support in the record.

2. LIBEL AND SLANDER: actions: instructions: imputation of theft.
In each instance, the court charged the jury that, if the speaking of the alleged offensive words by defendant had not been established, or if established, and the jury did not find that he thereby intended to im-

pute to the plaintiff the crime of theft, then no recovery could be had, and the verdict should be for the defendant. This charge fairly protected the rights of the defendant in this respect.

II.   The plaintiff offered, and the court

3. EVIDENCE:
   similar facts
   and transac-
   tions: malice,
   etc.

admitted in evidence over the defendant's objection, the petition filed by the defendant in an action brought by him against plaintiff, a year or more before the date of the alleged slander. The pleading mentioned was a petition at law, setting up claims for recovery from Manning upon numerous items of alleged debt due from the latter, and for damages because of his failure to adhere to the terms of his lease. In our judgment, the matter was so remote and so clearly without bearing upon the question of defendant's alleged malice at the time of the alleged slander that the objection to its introduction in evidence should have been sustained. No other exceptions to the rulings of the court on questions of evidence appear to be well taken. The conclusions already announced render unnecessary special consideration of the exceptions preserved with reference to the instructions to the jury.

As the case has been tried twice, with

4. LIBEL AND
   SLANDER: dam-
   ages: $2,500:
   excessiveness.

substantially the same result, we should hesitate to reverse if the erroneous ruling upon the introduction of testimony were the only just criticism to be made upon the record. We are, however, strongly impressed that the verdict is radically excessive, not to say oppressive. It is but right that one who wantonly or viciously attacks the good name and character of his neighbor should be rebuked by an assessment of ample compensatory damages, and if thereto the jury adds a reasonable sum by way of exemplary damages, he cannot justly complain. But this discretion should not be abused. One may be technically guilty of slander with-

out becoming an outlaw, and the cases are rare which will justify a verdict so large as to be ruinous to a man in ordinary or moderate financial circumstances. In this case, there was no serious claim or proof that plaintiff had suffered material special damage or injury from the defamatory language attributed to the defendant. Indeed, if we may read anything between the lines of the record and the disclosed history of this litigation, plaintiff has the benefit of the sympathy and confidence of his neighbors, undiminished by the charge made against him. The only mention by him in testimony of any actual injury sustained is a statement that the publication of the slander worried him and caused him mental pain and made him sick, though the nature and extent of the sickness are left entirely to conjecture. The question of actual damages was therefore left to the jury solely upon the legal presumption that such damages do follow a publication which is slanderous *per se*. It was a showing which justified the assessment of a reasonable sum as actual damages, increased by another reasonable sum as exemplary damages; but there was no showing calling for or justifying an extraordinary and highly burdensome recovery, either compensatory or exemplary. The verdict as returned cannot, therefore, be permitted to stand, except upon condition that the appellee shall, within 30 days from the filing of this opinion, elect to remit all of the recovery in his favor in excess of $1,000. Should such remission be made, the judgment as thus modified will be affirmed; otherwise, the cause will be remanded to the district court for new trial.

It is suggested for the appellant that the verdict of the jury is so evidently the product of passion and prejudice that it ought not to be sustained even in part, and that the order for new trial should be absolute. Considering, however, that we hold that the evidence for plaintiff is sufficient to take the case to the jury, and remembering the result of

two successive trials, we doubt whether the ordering of a third trial would be a blessing for which defendant can wisely pray. It is to the interest of the parties, as well as of the public, that litigation be not unduly protracted.

The costs of this appeal will be taxed to the plaintiff. Other costs are subject to taxation in the trial court.— *Affirmed on condition.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.