JOSEPH SOKOLOWSKE, Appellee, v. H. L. WILSON et al., Appellants.

No. 40668.

FEBRUARY 17, 1931.

*Fribourg & Slotsky* and *Jepson, Struble & Sifford,* for appellants.

*Clark & Clark* and *Stewart & Hatfield,* for appellee.

ALBERT, J.—The Credit Service Exchange is a corporation organized under the laws of the state of Iowa, with its principal place of business at Sioux City. A part of the business of said corporation is the collection of outstanding debts and book accounts, and the defendant H. L. Wilson is the manager of this

department of the corporation business. The defendant corporation obtained a judgment against the plaintiff, Joseph Sokolowske, sometime prior to the 14th day of November, 1928, in the justice court of Sioux City Township, Woodbury County, Iowa; and on November 22d, execution was issued on this judgment, and Wilson took the same to one Ullrich, a constable in the county where the plaintiff lived. The constable took the execution, and with Wilson went to defendant's farm, and there levied on certain personal property.

The contention in the case revolves around one Willys-Knight automobile. It appears that Sokolowske and his son advised Wilson and the constable that there was no oil in the crank case of the car, and objected to their taking it to Danbury, some 13 miles distant, on that account. The constable made the levy in due form, and, after having been advised that there was no oil in the crank case of the car, Wilson directed the constable to take the same to Danbury, which was done. Shortly after they left the premises of the plaintiff, a steep hill was encountered, and, while the constable was driving the car in question, Wilson followed him in his own car, and, when part way up the hill, the constable attempted to shift gears, but was not successful, and the Willys-Knight car backed into the Wilson car, to the damage of the Willys-Knight car. It was then driven into Danbury on its own power. Later, it was taken to Sioux City by the plaintiff for repairs. The levy was made on November 22, 1928, and was released December 8, 1928. Plaintiff sued to recover damages, covering numerous items, some of which will be referred to later. The case went to the jury, who returned a verdict for the plaintiff in the sum of $487.19 actual damages and $500 exemplary damages. Judgment was rendered accordingly; hence this appeal.

The case seems to have been very loosely tried, and the question of whether or not the action for abuse of process would lie under these facts is not raised.

The first error relied upon for reversal is the complaint that the statement of the issues was too prolix, and practically a copy of the petition. We have condemned this practice of copying the petition practically in whole in the statement of the issues in the instructions, but do not find, under the record here, that the

violation is flagrant enough to hold it reversible error, although the issues could have been much more simply stated.

The next error relied upon for reversal is that the evidence in the case did not warrant the court in submitting the question of exemplary damages, as against either the corporation or Wil-  son. The appellants in their brief and argument do not question that the defendants would be liable for actual damages suffered by the plaintiff, under the circumstances in this case.

It is fundamental that, before the question of exemplary damages may be submitted to the jury, the plaintiff must allege and prove malice. We have read this record with this thought in mind, and at no place do we find sufficient evidence of malice. This officer had a writ of execution, the validity of which is undenied, and he went to plaintiff's residence for the purpose of levying on property to satisfy this execution.

The first thing claimed by the defendant which showed malice is that the officer was directed by Wilson to levy on this particular automobile. Section 11698, Code, 1927, provides:

"An officer is bound to levy an execution on any personal property in the possession of, or that he has reason to believe belongs to, the defendant, or on which the plaintiff directs him to levy, * * *"

Wilson, in directing the officer to levy on this property, was, therefore, acting wholly within the rights conferred by the above section, and this fact could not be used as one of the elements showing malice.

The fact, if it be a fact, that Wilson told the officer to take this automobile to Danbury, some 13 miles distant, under the existing conditions, could not be considered as evidence of malice. The officer having taken possession of the property rightfully under his execution, the responsibility was upon him for the proper care, handling, and keep of the property on which he levied. It was for him to determine, as such officer, to what place he would take the property on which he levied. The fact that Wilson suggested or told him to take it to Danbury amounted, at most, to a mere suggestion to the officer, and was not binding upon him. We cannot see where this question amounted to a basis for a claim of malice.

Whether or not the officer was liable for the improper hand-- ling of this property while in his possession is beside the issue in this case, as the officer is not a party hereto.

The question of whether or not there was oil in the crank case of the car was bitterly disputed between the parties, and was a jury question. The statement testified to by the plaintiff that Wilson made at the time, that, if the car had no oil in the crank case, and was burned up, he was able to pay for it, cannot be held, in the light of the facts in the case, to show malice.

Without reciting all of the record in the case, it is sufficient to say that there was not enough evidence of malice in the case to carry the question of exemplary damages to the jury, and the  court should not have allowed the jury to find exemplary damages, under the circumstances. Appellant further complains because the court submitted the joint verdict to the jury. Under our holding in *Mortrude v. Martin*, 185 Iowa 1319, this was not error.

It is further claimed that the court erred in submitting the question of the value of the use of the car as an element of damages. While the levy was made on November 22d, and the car released on December 8th following, plain- tiff was not notified of the release until later, and took possession of the car on December 24th. It was taken to Sioux City for repairs, arriving there on December 26th, where it remained for the purpose of obtaining parts and repairing until January 25, 1929. Sokolow- ske took the car, but, after running a short time, it had a break in the transmission, which he later had repaired. Under these circumstances, we think the question of the length of time he lost the use of the car and the value thereof were jury questions. If the car could have been repaired at a closer point than Sioux City, we think the defendant should have so shown, as defensive matter. Equally so, the question of whether or not the damage to the transmission, which occurred later, was traceable to the use of the car while it was in the hands of the officer, was also a jury question.

We have disposed of all of the points urged by the appellant on his propositions relied upon for reversal, and except as herein pointed out, find no error. The jury having specified the amount

allowed for exemplary damages, which we hold was not allowable, we therefore modify the judgment of the lower court by striking the allowance of $500 for exemplary damages. Otherwise, none of the errors relied upon by the plaintiff are sustainable.

As thus modified, the judgment of the lower court is—*Affirmed*.

FAVILLE, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.

KINDIG, J., takes no part.