**AMOS v. PROM, Inc.**
**Civ. No. 571.**

United States District Court,
N. D. Iowa, Central Division.

Sept. 30, 1953.

George D. Dunn (of Dunn & Dunn),
Mason City, Iowa, and William Pappas,
Mason City, Iowa, for plaintiff.

Thomas B. Roberts and Frederic M.
Miller (of Brody, Parker, Miller, Roberts & Thoma), Des Moines, Iowa, and
Edward R. Boyle (of Boyle & Schuler),
Clear Lake, Iowa, for defendant.

## 130

GRAVEN, District Judge.

The plaintiff is a citizen and a resident of the State of Iowa. The defendant is a corporation organized under the laws of the State of Delaware. It is engaged in the operation of a public ballroom at Clear Lake, Cerro Gordo County, Iowa, known as the Surf. The plaintiff, a Negro, alleges in her complaint that on December 8, 1951, the defendant refused to admit her to its ballroom and that such refusal constituted a violation of the Iowa Civil Rights Statute, Section 735.1, Code of Iowa 1950, I.C.A. The plaintiff asks $3,000 compensatory damages and $7,000 exemplary damages because of such refusal. The plaintiff's claim is based upon the Iowa statute referred to and not on any federal statute or the Fourteenth Amendment to the Constitution of the United States. The defendant has moved to dismiss the action on the ground that under the Iowa law it would be legally impossible for the plaintiff to recover damages in an amount exceeding $3,000, the jurisdictional amount required by Section 1332 of Title 28 of the United States Code, 28 U.S.C.A. § 1332. The motion requires consideration of the Iowa Civil Rights Statute and the Iowa rules of law relating to compensatory and exemplary damages.

The Iowa Civil Rights Statute referred to provides: "All persons within this state shall be entitled to the full and equal enjoyment of the accommodations, advantages, facilities, and privileges of inns, restaurants, chophouses, eating houses, lunch counters, and all other places where refreshments are served, public conveyances, barber shops, bathhouses, theaters, and all other places of amusement." The judicial history of this statute is discussed by Goostree, The Iowa Civil Rights Statute: A Problem of Enforcement, 37 Iowa Law Review 242 (1952). The statute was originally enacted in 1884. It has been before the Iowa Supreme Court in only four cases. The Iowa Court first considered the statute in the case of State v. Hall, 1887, 72 Iowa 525, 34 N.W. 315.

In that case the question before the Court was the sufficiency of an indictment charging the defendant with having violated the provisions of the statute by refusing to render barber service to a Negro. The Court held the indictment insufficient in failing to allege that there were no good reasons applicable for all alike for refusal of service at the defendant's barber shop. In the case of Humburd v. Crawford, 1905, 128 Iowa 743, 105 N.W. 330, the plaintiff sought damages for a violation of the statute. The Iowa Court regarded the statute as remedial in character and sustained an award of damages against an innkeeper who refused to serve the plaintiff because of his color. In Brown v. J. H. Bell Co., 1910, 146 Iowa 89, 123 N.W. 231, 124 N.W. 901, 27 L.R.A.,N.S., 407, the Iowa Court again treated the statute as being remedial in character but held a booth at which free samples were distributed as an independently operated part of an exhibition did not come within the provisions of the statute. In State v. Katz, 1949, 241 Iowa 115, 40 N.W.2d 41, the Iowa Court affirmed the conviction of the owner of a drug store which had discriminatorily denied service to Negroes. In that case the Court held that the general provisions of the statute covered establishments which were not specifically named therein. Following the Sergeant Rice burial case, the Iowa Legislature in 1953 enacted Chapter 84, Acts of 55th General Assembly, I.C.A. § 566A.1 et seq., which makes unlawful any discrimination on account of race or color by any privately owned cemetery, except those of religious or fraternal organizations. As to the Sergeant Rice case, see Rice v. Sioux City Memorial Park Cemetery, D.C.Iowa 1952, 102 F.Supp. 658; Rice v. Sioux City Memorial Park Cemetery, Iowa 60 N.W.2d 110.

The defendant's motion to dismiss is based upon the claim that under the rules of Iowa law relating to compensatory and exemplary damages it would be legally impossible for the plaintiff to recover damages in excess of $3,-

000. In the case of Thompson v. Mutual Benefit, Health and Accident Ass'n of Omaha, Nebraska, D.C.1949, 83 F.Supp. 656, where both compensatory and exemplary damages were claimed, this Court held that under the applicable Iowa law it would be legally impossible for the plaintiff to recover in excess of $3,000 and remanded the case to the state court from which it had been removed. It is well settled that such impossibility must, however, appear to a legal certainty. Bell v. Preferred Life Assurance Society, 1943, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15; Wyoming Ry. Co. v. Herrington, 10 Cir., 1947, 163 F.2d 1004; 1 Cyclopedia of Federal Procedure, 3d Ed., Sec. 2.186. And in tort actions where the amount is unliquidated the amount which plaintiff seeks as damages will generally be accepted as the amount in controversy. 1 Cyclopedia of Federal Procedure, 3d Ed., Sec. 2.196. Exemplary damages in a complaint may be included in computing the amount necessary for federal court jurisdiction. Bell v. Preferred Life Assurance Society, supra; Young v. Main, 8 Cir., 1934, 72 F.2d 640. Plaintiff's complaint here asks for compensatory and exemplary damages in the aggregate of $10,000 and therefore may be dismissed for lack of jurisdictional amount only if it appears certain that under Iowa law an award of damages in excess of $3,000 would not be permitted to stand.

Plaintiff claims compensatory damages in the amount of $3,000, which is insufficient by itself to confer jurisdiction on this Court, for Sec. 1332 of Title 28 of the United States Code requires an amount *in excess* of $3,000. Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., permits plaintiff to amend her complaint before the service of a responsive pleading, and a motion to dismiss is not a "responsive pleading" within the meaning of the rule. Ohio Casualty Ins. Co. v. Farmers Bank of Clay, Ky., 6 Cir., 1949, 178 F.2d 570. See 6 Cyclopedia of Federal Procedure, 3d Ed., Sec. 18.03. The plaintiff has indicated no desire to amend.

However, an amendment by the plaintiff increasing her claim for compensatory damages would not render the defendant's motion moot, for the defendant claims that under the Iowa law it would be legally impossible for the plaintiff to recover by way of compensatory damages, or exemplary damages, or both, an amount in excess of $3,000.

Plaintiff's allegations must, of course, be taken as true when ruling on a motion to dismiss solely on the ground of lack of jurisdictional amount. Gibbs v. Buck, 1938, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111. The allegations state that plaintiff was intentionally and maliciously refused admission to defendant's ballroom solely because she is a Negro; that such refusal was wrongful in that it violated the Iowa Civil Rights Statute, Sec. 735.1, I.C.A.; and, that the plaintiff suffered great emotional distress as a result of this refusal.

In Iowa exemplary damages ordinarily cannot be awarded unless there is a basis for compensatory damages, and the amount of the exemplary damages must be reasonably proportionate to the compensatory damages awarded. Crum v. Walker, 1950, 241 Iowa 1173, 44 N.W. 2d 701; Shannon v. Gaar, 1944, 234 Iowa 1360, 15 N.W.2d 257; Kinney v. Cady, 1942, 232 Iowa 403, 4 N.W.2d 225; Gregory v. Sorenson, 1932, 214 Iowa 1374, 242 N.W. 91; Clark Bros. v. Anderson & Perry, 1931, 211 Iowa 920, 234 N.W. 844; Roggensack v. Winona Monument Co., 1930, 211 Iowa 1307, 233 N.W. 493; Morrow v. Scoville, 1928, 206 Iowa 1134, 221 N.W. 802; Jones v. Van Donselaar, 1925, 200 Iowa 176, 204 N.W. 416; Taylor v. Williamson, 1924, 197 Iowa 88, 196 N.W. 713, there is no mathematical ratio and exemplary damages may considerably exceed compensatory damages in some cases; Brause v. Brause, 1920, 190 Iowa 329, 177 N.W. 65; Stricklen v. Pearson Const. Co., 1918, 185 Iowa 95, 169 N.W. 628; Wildeboar v. Petersen, 1918, 182 Iowa 1185, 166 N.W. 464, reversed where $5,000 exemplary damages and $150 compensatory damages; Soesbe v. Lines, 1917, 180

Iowa 943, 164 N.W. 129, 25:1 ratio excessive; Waltham Piano Co. v. Freeman, 1913, 159 Iowa 567, 141 N.W. 403; Welsh v. Haleen, 1912, 157 Iowa 647, 138 N.W. 502; International Harvester Co. v. Iowa Hardware Co., 1909, 146 Iowa 172, 122 N.W. 951, 29 L.R.A.,N.S., 272, $500 exemplary damages and $300 attorney's fee permitted where only $40 compensatory damages; Ahrens v. Fenton, 1908, 138 Iowa 559, 115 N.W. 233; Connelly v. White, 1904, 122 Iowa 391, 98 N.W. 144; Hooker v. Chittenden, 1898, 106 Iowa 321, 76 N.W. 706; Boardman v. Marshalltown Groc. Co., 1898, 105 Iowa 445, 75 N.W. 343; Union Mill Co. v. Prenzler, 1897, 100 Iowa 540, 69 N.W. 876, $5,000 exemplary damages permitted where compensatory damages totaled $770.06; Davis v. Seeley, 1894, 91 Iowa 583, 60 N.W. 183; Schwartz v. Davis, 1894, 90 Iowa 324, 57 N.W. 849; Kuhn v. Chicago, M. & St. P. R. Co., 1888, 74 Iowa 137, 37 N.W. 116; Saunders v. Mullen, 1885, 66 Iowa 728, 24 N.W. 529, reversed where $650 exemplary damages and $50 compensatory damages; Sadler v. Bean, 1874, 38 Iowa 684, reversed where exemplary damages were five times compensatory damages. See 17 Iowa L.Rev. 413. But see Lane v. Mitchell, 1911, 153 Iowa 139, 133 N.W. 381, 36 L.R.A.,N.S., 968.

■ An award of only nominal damages will not support an award of exemplary damages. Roggensack v. Winona Monument Co., supra; Morrow v. Scoville, supra; Stricklen v. Pearson Const. Co., supra; Connelly v. White, supra; Schwartz v. Davis, supra. But it has been said that an award of exemplary damages could be sustained by itself where compensatory damages were too difficult to compute, Lane v. Mitchell, supra, and where there are grounds for compensatory and exemplary damages a lump sum verdict has been permitted. Bishop v. Baird & Baird, 1947, 238 Iowa 871, 29 N.W.2d 201; Schultz v. Enlow, 1925, 201 Iowa 1083, 205 N.W. 972; Taylor v. Williamson, supra; Welsh v. Haleen, supra; Carpenter v. Scott, 1892,

86 Iowa 563, 53 N.W. 328; Frink & Co. v. Coe, 1854, 4 G. Greene 555.

■ It is necessary, therefore, that plaintiff's allegations state facts permitting an award of compensatory damages sufficient to provide a basis for the exemplary damages required to make up the jurisdictional amount. Damages for emotional distress or mental suffering or humiliation are compensatory, not exemplary. McVay v. Carpe, 1947, 238 Iowa 1131, 29 N.W.2d 582; Christensen v. Boucher, 1946, 237 Iowa 1170, 24 N.W.2d 782; Young v. Gormley, 1903, 120 Iowa 372, 94 N.W. 922; Rule v. McGregor, 1902, 115 Iowa 323, 88 N.W. 814; Parkhurst v. Mastellar, 1881, 57 Iowa 474, 10 N.W. 864, "In addition, therefore, to damages for injury to the feelings, there may be allowed, in a proper case, damages strictly by way of punishment." 10 N.W. at page 867; McKinley v. Chicago & N. W. R. Co., 1876, 44 Iowa 314. But see Brause v. Brause, supra, where exemplary damages are regarded to some extent as compensation for "outrage."

■ In Iowa where there is no physical injury or trauma, there can be no recovery for emotional distress caused by a negligent act. See Blakeley v. Shortal's Estate, 1945, 236 Iowa 787, 20 N.W.2d 28, 31; Sec. 46, 1948 Supp. to Restatements. But see Flam v. Lee, 1902, 116 Iowa 289, 90 N.W. 70, dicta would permit compensatory damages for non-traumatic emotional distress where defendant did not act as a "reasonably prudent man." Cf. the exception in cases against a telegraph company. See e. g. Cowan v. Western Union Tel. Co., 1904, 122 Iowa 379, 98 N.W. 281, 64 L.R.A. 545.

Where the act is intentional or willful, however, compensatory damages may be recovered for emotional distress unaccompanied by any physical injury. Curnett v. Wolf, Iowa 1953, 57 N.W.2d 915; Blakeley v. Shortal's Estate, supra; Barnett v. Collection Service Co., 1932, 214 Iowa 1303, 242 N.W. 25; Young v. Gormley, supra; Flam v. Lee, supra;

Rule v. McGregor, supra; Sec. 46, 1948 Supp. to. Restatements. And the "intent" need not be specifically directed at the person distressed but is sufficient if the act itself is "intentional" and the actor could reasonably expect emotional distress to result. Blakeley v. Shortal's Estate, supra; Sec. 46, 1948 Supp. to Restatements. Defendant does not question these propositions but cites the amounts recovered in a number of Iowa cases to demonstrate that recovery for this type of injury could not exceed $500.

In this connection several factors should be noted. First, legal protection for emotional tranquillity or "peace of mind" is a relatively new concept to the law rendering questionable many earlier decisions both as to legal principles and to the value placed upon this protected interest. Sec. 46, 1948 Supp. to Restatements. Second, the courts may judicially notice the decline in the value of the dollar. Elings v. Ted McGrevey, Inc., 1952, 243 Iowa 815, 53 N.W.2d 882; Christensen v. Boucher, supra. Third, as noted, supra, the impossibility of recovery in the jurisdictional amount must appear to a legal certainty. Bell v. Preferred Life Assurance Society, supra. 1 Cyclopedia of Federal Procedure, 3d Ed., Sec. 2.186.

The most recent Iowa case allowing compensatory damages for emotional distress unaccompanied by physical injury is Curnett v. Wolf, supra. In that case the defendant, in a telephone conversation, made certain remarks to plaintiff, including an implied threat to influence plaintiff's employer, to discharge plaintiff. This conversation caused plaintiff to be emotionally upset for several weeks. The jury awarded $7,500, which was reduced to $4,000 by the Iowa Supreme Court. The recovery of $4,000 compensatory damages was justified, the Court felt, because the "jury could find, under the record, that such mental suffering was acute". 57 N.W.2d at page 919. Defendant seeks to distinguish that case on the ground that plaintiff there was fearful of loss of livelihood, whereas in this case plaintiff's emotional distress was occasioned only by the loss of an evening's dancing. Defendant's contention, in effect, is that this Court can say *with certainty* that for this plaintiff's emotional distress the Iowa Supreme Court would not permit an award of compensatory damages exceeding ⅛ of the amount permitted in Curnett v. Wolf, supra.

If defendant's description of the cause of plaintiff's emotional distress, deprivation of an evening's dancing, were accepted, this contention might have merit. However, that question need not be decided, for the plaintiff complains not merely of the deprivation of an evening's pleasure on the dance floor but of the emotional distress caused by defendant's public and illegal act of discrimination against her on account of her race. See To Secure These Rights, Report of the President's Committee on Civil Rights, (1947) pp. 76, 77, 82 et seq.

It is not necessary for this Court at this time to determine whether or not an award to the plaintiff of compensatory damages in excess of $3,000 would be permitted to stand under the Iowa law, for, as heretofore noted, the plaintiff is also claiming exemplary damages.

Under Iowa law exemplary damages are not a matter of right but rest in the discretion of the jury. Boyle v. Bornholtz, 1937, 224 Iowa 90, 275 N.W. 479; Morrow v. Scoville, supra; Boom v. Boom, 1928, 206 Iowa 70, 220 N.W. 17; Brause v. Brause, supra; Stricklen v. Pearson Const. Co., supra; Chadima v. Kovar, 1915, 168 Iowa 385, 150 N.W. 691; Welsh v. Haleen, supra; Ahrens v. Fenton, supra; Reizenstein v. Clark, 1897, 104 Iowa 287, 73 N.W. 588; Union Mill Co. v. Prenzler, supra; Carpenter v. Scott, supra; Goodenough v. McGrew, 1876, 44 Iowa 670.

Exemplary damages may be awarded where it appears that the defendant is guilty of *fraud*, see Williamson v. Western Stage Co., 1867, 24 Iowa 171; *malice*, Sergeant v. Watson Bros. Transp. Co., supra; Bishop v. Baird &

Baird, supra; Schultz v. Enlow, supra; Jones v. Van Donselaar, supra; Casey v. Ballou Banking Co., 1896, 98 Iowa 107, 67 N.W. 98; Inman v. Ball, 1885, 65 Iowa 543, 22 N.W. 666; Curl v. Chicago, R. I. & P. Ry. Co., 1884, 63 Iowa 417, 16 N.W. 69, 19 N.W. 308; Garland v. Wholeham, 1868, 26 Iowa 185; Williamson v. Western Stage Co., supra; *gross negligence*, Williamson v. Western Stage Co., supra; Cochran v. Miller, 1862, 13 Iowa 128; Frink & Co. v. Coe, 1854, 4 G. Greene 555; or *an illegal act*. Ward v. Ward, 1875, 41 Iowa 686; Guengerich v. Smith, 1873, 36 Iowa 587; Garland v. Wholeham, supra. See also Jeffries v. Snyder, 1900, 110 Iowa 359, 367, 81 N.W. 678.

Such exemplary damages are permitted on the theory that they serve as a deterrent to wrongdoers and as punishment for wrongdoing. Kuiken v. Garrett, 1952, 243 Iowa 785, 51 N.W.2d 149, 158; Gregory v. Sorenson, supra; Boom v. Boom, supra; Brause v. Brause, supra; Constantine v. Rowland, 1910, 147 Iowa 142, 124 N.W. 189; Reizenstein v. Clark, supra; White v. Spangler, 1885, 68 Iowa 222, 26 N.W. 85; Sheik v. Hobson, Adm'r, 1884, 64 Iowa 146, 19 N.W. 875; Parkhurst v. Mastellar, supra; Ward v. Ward, supra; Hendrickson v. Kingsbury, 1866, 21 Iowa 379; Frink & Co. v. Coe, supra. An intentional wrongful act may give rise to an award of exemplary damages even though the wrongdoer may also thereby be subject to prosecution under a criminal statute. Redden v. Gates, 1879, 52 Iowa 210, 2 N.W. 1079; Ward v. Ward, supra; Garland v. Wholeham, supra.

The malice or wanton conduct of an agent acting within the scope of his employment is imputable to the corporation and will sustain an award of exemplary damages against the corporation. White v. International Text Book Co., 1915, 173 Iowa 192, 155 N.W. 298; Dunshee v. Standard Oil Co., 1914, 165 Iowa 625, 146 N.W. 830; International Harvester Co. v. Iowa Hardware Co., supra.

In case of plaintiff's death the right to exemplary damages does not survive unless the action is commenced before death. Boyle v. Bornholtz, supra; Union Mill Co. v. Prenzler, supra. And where the defendant dies and the action is continued against his personal representative, no exemplary damages may be awarded because they are not a "right" of the injured party, but a punishment, and so may be exacted only from the wrongdoer. Sheik v. Hobson, Adm'r, supra. The assignee of a cause of action, however, may recover both compensatory and exemplary damages. Dunshee v. Standard Oil Co., supra. The next of kin cannot recover exemplary damages for wrongful death of decedent. DeMoss v. Walker, 1951, 242 Iowa 911, 48 N.W.2d 811, 814. No interest is allowed on exemplary damages. Dunshee v. Standard Oil Co., 1911, 152 Iowa 618, 132 N.W. 371, 36 L.R.A.,N.S., 263. And the Iowa Supreme Court holds that it has no power to require a remittitur of part of an award of exemplary damages. Sergeant v. Watson Bros. Transp. Co., Iowa 1952, 52 N.W.2d 86; Crum v. Walker, supra; Waltham Piano Co. v. Freeman, 1913, 159 Iowa 567, 141 N.W. 403; Ahrens v. Fenton, supra. But see Boyle v. Bornholtz, supra, trial court upheld where all exemplary damages remitted; Sokolowske v. Wilson, 1931, 211 Iowa 1112, 235 N.W. 80, entire award of exemplary damages struck; Manning v. Meade, 1917, 180 Iowa 932, 164 N.W. 113, remittitur where lump sum verdict for compensatory and exemplary damages. Cf. Haines v. M. S. Walker & Co., 1918, 182 Iowa 431, 165 N.W. 1027.

Awards of exemplary damages in Iowa have been upheld in malicious prosecution cases, see e. g. Kness v. Kommes, 1928, 207 Iowa 137, 222 N.W. 436; Flam v. Lee, supra. In malicious attachment cases, Bishop v. Baird & Baird, supra; Welsh v. Haleen, supra; International Harvester Co. v. Iowa Hardware Co., supra; Connelly v. White, supra; Union Mill Co. v. Prenzler, supra; Wright v. Waddell, supra; Hurlbut, Hess &

Co. v. Hardenbrook, 1892, 85 Iowa 606, 52 N.W. 510; Walker v. Camp, supra. For conversion, Casey v. Ballou Banking Co., supra. For willful poisoning of animals, Garland v. Wholeham, supra. For willful destruction of property, Gregory v. Sorenson, supra. For assault and battery, Schultz v. Enlow, supra; Taylor v. Williamson, supra; Brause v. Brause, supra; Reizenstein v. Clark, supra; White v. Spangler, supra; Redden, minor, v. Gates, 1879, 52 Iowa 210, 2 N.W. 1079; Ward v. Ward, supra; Guengerich v. Smith, supra; Hendrickson v. Kingsbury, supra. And in cases of gross negligence, Cameron v. Bryan, 1893, 89 Iowa 214, 56 N.W. 434; Williamson v. Western Stage Co., supra, affirmed where $2 compensatory and $373 exemplary damages were awarded, Cf. Soesbe v. Lines, supra, where a 25:1 ratio was held excessive; Cochran v. Miller, supra, medical malpractice case; Frink & Co. v. Coe, supra.

It is frequently stated that no exemplary damages are recoverable for breach of contract, citing Lacey v. Straughan, 1860, 11 Iowa 258. Nevertheless exemplary damages have been awarded where the breach was malicious and amounted to an independent willful tort. Kuiken v. Garrett, supra. There is also an exception for "aggravated" damages for breach of a marriage promise where there has been seduction. See e. g. Morgan v. Muench, 1916, 181 Iowa 719, 156 N.W. 819.

Defendant's contention is that there is no sufficient allegation of malice in plaintiff's complaint to permit any award of exemplary damages to stand, or, alternatively, that if some exemplary damages could be awarded still any aggregate verdict in excess of $3,000 on these facts in state court would be set aside as excessive by the Iowa Supreme Court. This alternative contention rests upon the assumption that plaintiff could in no event recover more than $500 compensatory damages and that since exemplary damages must be reasonably proportionate to compensatory damages the total recovery could not exceed $3,000. This

Court is unable to hold that it appears to a legal certainty under Iowa law that any award for compensatory damages to the plaintiff in excess of $500 would not be permitted to stand.

The question to be determined, therefore, is whether or not the allegations of plaintiff's complaint, taken as true, would permit an award of exemplary damages under Iowa law. Since neither fraud nor gross negligence is alleged, the issue turns upon the requirement of malice, supra. There has been some confusion in the discussion of this term in the Iowa cases, but basically Iowa law has recognized three terms for malice. First there is malice in the popular sense of ill will or hatred, sometimes termed "express malice." Second there is "malice in fact." Third there is "malice in law." The confusion arises primarily because the latter two terms are both characterized as "legal malice" as distinguished from "express" or "lay" malice. The distinction has been stated by the Iowa Supreme Court, speaking through Justice McClain, as "Malice in law is where malice is established by legal presumption from proof of certain facts, as in actions for libel * * *. Malice in fact is to be found by the jury from the evidence in the case. They may infer it from want of probable cause. But it is well established that the plaintiff is not required to prove express malice, in the popular signification of the term, as that defendant was prompted by malevolence, or acted from motives of ill will, resentment, or hatred toward the plaintiff. It is sufficient if he prove it in its enlarged legal sense." Connelly v. White, supra [122 Iowa 391, 98 N.W. 145].

The Iowa Supreme Court recently referred to the categories of malice in the case of Robinson v. Home Fire & Marine Ins. Co., Iowa 1953, 59 N.W.2d 776. The Court in that case held that slander was not proved where the speaker had a qualified privilege unless the words were spoken with actual malice. At page 782 of 59 N.W.2d, the Court said, "Actual malice—frequently called express malice or malice in fact—means personal spite,

hatred or ill-will. It is not merely malice in law—the intentional doing of a wrongful act without just cause or excuse."

While it is not entirely clear whether the Iowa decisions regard "malice in fact" as a descriptive term for "legal malice" or as a synonym for "express malice," it is apparent that the "malice" required to permit an award of exemplary damages is something less than actual ill-will or express malice and may be termed "legal malice" for want of a better expression.

 The requirement of legal malice rather than actual malice may be regarded either as an evidentiary matter or as a substantive difference in the law. If it is regarded as evidentiary, the difference may be described as a substitution of circumstantial proof of malice for direct proof of an evil or improper state of mind. Exemplary damages, being punitive in nature, seek to prevent injury occasioned by wickedly motivated acts. Objective proof of a wicked motive, as an admission by the defendant of his evil purpose, therefore, permits an award of such damages. Such a standard of proof, however, is in the nature of things rather difficult to meet. The law therefore developed a different standard of proof so that the essential ingredient of wicked or improper motive could be shown by circumstantial rather than direct evidence. Thus in malicious prosecution cases the plaintiff need not show directly the defendant's state of mind but only that defendant had no just or probable cause for his actions, and the trier of fact is then permitted to infer the improper state of mind from the absence of probable cause. See Nordhaus v. Peterson, 1880, 54 Iowa 68, 6 N.W. 77; Smith v. Howard, 1869, 28 Iowa 51; Ritchey v. Davis, 1860, 11 Iowa 124. The resulting rule would seem to be that exemplary damages are permissible where defendant acted maliciously, but the trier of fact may infer malice where plaintiff proves that defendant acted illegally or improperly without justification, no direct proof of actual malice being necessary. On the other hand, the difference

may not be merely one of proof but of substance. In The Common Law, 134 (1943 Ed.), Holmes states, "Whenever it is said that a certain thing is essential to liability, but that it is conclusively presumed from something else, there is always ground for suspicion that the essential element is to be found in that something else, and not in what is said to be presumed from it."

So in the case of exemplary damages, which are discretionary and not a matter of right, it is first said that they may be awarded where the defendant acts from ill-will or actual malice. Then it is said that this wicked state of mind may be presumed or inferred from other facts, such as want of justification in malicious prosecution cases. To this point the law is differentiating only in an evidentiary sense, for it is reasonable to presume that one instituting legal process against a particular person without justification was motivated by malice or evil intent directed toward that person. But the law goes further. It is finally said that the intentional doing of a "wrongful act" without justification will permit an inference of the wicked state of mind. Yet it is apparent that many wrongful or illegal acts may be intentionally committed from motives wholly apart from any malice or evil intent directed toward the person who happens to suffer by the action, as where defendant is motivated by a desire for gain and has no feeling at all for those injured by him.

Therefore, when the law reaches this last stage, as it has in Iowa, it is no longer "malice" which is required but the "something else" from which malice is said to be presumed. See Schnathorst v. Williams, 1949, 240 Iowa 561, 36 N.W.2d 739, 10 A.L.R.2d 1199; Wilson v. Lapham, 1923, 196 Iowa 745, 195 N.W. 235; Jenkins v. Gilligan, 1906, 131 Iowa 176, 108 N.W. 237, 9 L.R.A.,N.S., 1087. "It is enough (for legal malice) if it be the result of any improper or sinister motive and in disregard of the rights of others." 108 N.W. at page 238. The rule would seem to be: exemplary damages may be awarded where defendant acts malicious-

ly, but malice may be inferred where defendant's act is illegal or improper; where the nature of the illegal act is such as to negative any inference of feeling toward the person injured, and is in fact consistent with a complete indifference on the part of defendant, liability for exemplary damages is not based upon the maliciousness of the defendant but is based, rather, upon the separate substantive principle that illegal or improper acts ought to be deterred by the exaction from the defendant of sums over and above the actual damage he has caused. See Mendenhall v. Struck, 1929, 207 Iowa 1094, 224 N.W. 95, 97, "Malice does not necessarily mean spite or hatred, but it means the doing of an actual wrong in itself without just cause or excuse." See also Robinson v. Home Fire & Marine Ins. Co., supra.

The award of exemplary damages on substantive grounds wholly divorced from any inquiry into the wrongdoer's subjective state of mind is not a novel principle in Iowa law. In Williamson v. Western Stage Co., supra, the Iowa Court upheld an award of exemplary damages where defendant had been grossly negligent in employing a drunken stage driver, and in Cameron v. Bryan, supra, such an award was sustained where defendant had heedlessly permitted a dog known to be vicious to run loose. Significantly, in neither of these cases was there any intimation that the defendant was being punished for any active intent directed toward those injured. They may be said to stand for the principle that intentional wrongful action in disregard for the rights of others amounts to conduct to which the law will attach a penalty and deterrent by way of exemplary damages.

In any event, Iowa law permits the award of exemplary damages where the defendant has intentionally committed an illegal or improper act without justification which proximately results in injury to the plaintiff. This would be true whether the requirement of legal malice rather than actual malice is regarded as a substantive principle or as an evidentiary matter.

Plaintiff in this case alleges that defendant's agents acted "wilfully, maliciously, and with a wilful disregard of the rights of the plaintiff." Elsewhere in the complaint it is alleged that the action was illegal, based solely on her race, with no other justification.

Taking these allegations as true, it appears that defendant through its agents without justification intentionally committed an illegal act to plaintiff's injury. From these facts it would be permissible for a jury to award exemplary damages, either by drawing the inference of legal malice or on a separate substantive ground.

As it does not appear to a legal certainty that a recovery by plaintiff in excess of $3,000 would be impossible under Iowa law, the motion to dismiss for lack of jurisdiction is overruled.