E. J. ROGGENSACK, Appellant, v. WINONA MONUMENT COMPANY et al., Appellees.

No. 40485.

DECEMBER 9, 1930.

REHEARING DENIED MARCH 18, 1931.

*A. E. Sheridan* and *Hart & Hart,* for appellant.

*E. R. Acres,* for appellees.

STEVENS, J.—Appellant resides at Lansing, Iowa, and is engaged in the business of selling gravestones, markers, and other materials of like character. Appellee Winona Monument Company is a copartnership located at Winona, Minnesota, and engaged in a similar business. Both parties, to a more or less

extent, employ agents, whose business it is to travel from place to place and solicit orders.

The complaint of appellant is that the appellee company and the various parties comprising the copartnership have entered into a conspiracy to injure and destroy appellant's business and to drive him out of business. The petition also charges appellees with unfair competition in business. Appellant has been engaged in business either at Lansing or Waukon, in Allamakee County, for more than a quarter of a century. He claims that during this period he has built up a good reputation for fair and honest dealing and for efficiency and skill in the design and character of the goods sold by him. The evidence introduced upon the trial was ample to justify such a finding.

Damages are recoverable in a proper case when all the elements necessary therefor are shown as for conspiracy. If the parties comprising the copartnership under which appellee carries on its business conspired to injure appellant in his business and to destroy his trade by unfair and dishonest means, an action for damages, if any can be shown, is a proper remedy. The right of the owner of a business to recover compensation for loss or injury thereto by unfair competition is now quite generally recognized. The doctrine is based upon the theory of protection to the public, whose rights are interfered with by the confusion of goods, as well as upon the right of a complainant to enjoy the good will of a trade built up through his efforts, or possessed by him, and sought to be jeopardized by unfair and dishonest competition. *Sartor v. Schaden,* 125 Iowa 696; *Lytle v. Smith,* 204 Iowa 619; *Ely-Norris Safe Co. v. Mosler Safe Co.,* 7 Fed. (2d Ser.) 603; Nims on Unfair Competition and Trade-marks 16; *Martell v. White,* 185 Mass. 255 (69 N. E. 1085); *Rosenberg Bros. & Co. v. Elliott,* 7 Fed. (2d Ser.) 962.

The difficulty in this case is not with the law, but with the insufficiency of the evidence to sustain a verdict upon either the theory of conspiracy or unfair competition. Competition in trade is entirely proper and universal. Appellee had a right by fair and honest business methods to extend its business into the vicinity of Waukon, no matter what the effect upon the business of appellant. In the absence of fraud and deceit on the part of the competitor, no action for damages would lie. A

conspiracy, although clearly proven, affords no remedy in favor of the victim if he has suffered no damages. Proof of damages is indispensable to recovery. The evidence in this case shows without dispute that members of the appellee firm and its agents solicited and obtained orders for monuments from various persons residing in the vicinity of appellant's home. They did not represent or claim that they were representatives of appellant, or that they were soliciting orders for him. Written orders for goods were taken in the name of the Winona Monument Company. It is a fact familiar to everyone that granite is quarried in various sections of the United States, and sold by all dealers in monuments, etc.

Appellant does not claim that he had a monopoly in, or the right to sell, any particular kind or description of marble or granite, or that he procured the same in any other way than in the open market. Both appellant and appellee had a right to purchase and sell granite of every kind, description, and quality. Each had the undisputed right to undersell the other and to assert, to a reasonable extent at least, superiority of skill, design, and workmanship. There was no monopoly of customers. Each prospective purchaser was at liberty to buy when, where, and of whom he desired. Of course, all of these propositions are conceded. For all of the purposes of this case it may be conceded that appellant was widely known for fair and honest dealing and the production and sale of monuments of the highest quality and value. Under such circumstances, his business and good will possessed great value to him. Transactions on behalf of appellee are shown to have been had with six prospective customers residing within the vicinity of Waukon. Of these, five purchased monuments of it.

H. B. Deters, one of the purchasers, testified that a member of appellee's firm represented to him that he had just come from Waukon, where he had sold appellant a big supply of granite.

Patrick McKenna was solicited to purchase a monument by one of appellee's agents, and, as an inducement to do so, was told that appellant could not sell monuments any cheaper than appellee could, because he was under their control, and bought his monuments from them. This witness gave no order.

Walter Gast testified that he was induced to purchase a

monument upon the representation of appellee's agent that appellant obtained his work from it.

Will Rissman testified that one of appellee's agents sold him a monument, representing that appellee was a big concern, was in the wholesale business, and that the little dealers were buying direct from them.

Mrs. Peter Bieber testified that the inducement offered to her by the representative of appellee to purchase a monument was that they could sell cheaper than dealers. This witness subsequently purchased a monument of appellant, and not from appellee.

William Snitker purchased a monument of appellee upon the representation that it was a bigger concern than appellant, and could sell cheaper than anybody else.

Except as above stated, none of the parties named had previously been solicited by appellant, or had negotiations with him to purchase a monument. Except the statement of several of the witnesses that they had intended or contemplated, at some future time, to purchase a monument of appellant, there is nothing in the record to show loss or injury to the profits or business of appellant, unless it be that the character and quality of the monuments sold and erected by appellee was inferior to that sold by appellant.

The possibility that the sale of monuments of inferior quality in the vicinity of Waukon, coupled with the representations made on behalf of appellee that appellant purchased his marble and materials of them, would tend in a very remote way to reflect upon the character of goods sold by him, hardly furnishes a ground of recovery. The effect of the sale by appellee of granite inferior in quality to that sold by appellant would be as likely to operate in his favor as against him. As was said by the writer of the opinion in *Ely-Norris Safe Co. v. Mosler Safe Co.*, supra: "The law does not allow him [the plaintiff] to sue as a vicarious avenger of the defendant's customers;" he must in such case recover, if at all, only for the injury or loss to himself. It is possible that some, or all, of the parties named might each sometime have purchased a monument of some style, size, and quality of appellant, but this was by no means assured. He had no immediate arrangement therefor. The record does not disclose the extent of appellant's

business or profits at any time, nor does it show that same were impaired or reduced, except as already stated, by the action or conduct of appellee. The jury could have found from the evidence that representatives of appellee falsely represented to some of the witnesses that appellee sold granite to appellant, and that he was, to that extent at least, under their control. As already stated, there was nothing exclusive in the character or quality of the goods sold by the respective parties hereto. Each purchased their granite of whomsoever they desired, in the open market, and in no other way.

In some jurisdictions, exemplary damages are allowed in cases where only nominal damages are recoverable. *Lampert v. Judge & Dolph Drug Co.,* 238 Mo. 409 (141 S. W. 1095). But the rule in this state is that, to entitle the plaintiff to exemplary damages, actual damages must be proven. *Connelly v. White,* 122 Iowa 391; *Stricklen v. Pearson Construction Co.,* 185 Iowa 95; *Schwartz v. Davis & Co.,* 90 Iowa 324.

Even if it be assumed that appellant might have been entitled to a verdict for nominal damages upon either or both grounds of complaint, the case must, nevertheless, be affirmed. The mere failure of the jury to award nominal damages, if the plaintiff has shown himself entitled to no more, does not furnish a sufficient ground for reversal. *Phenix Ins. Co. v. Findley,* 59 Iowa 591; *Jones v. Register & Leader Co.,* 177 Iowa 144. The same must be true where the court has directed a verdict for the defendant in a case in which only nominal damages could have been recovered. The evidence in this case furnishes no basis upon which the jury could have returned a verdict for actual damages. A verdict based wholly upon speculative considerations could not have been sustained. Because of the very great difficulty in laying a foundation for actual damages in actions at law in cases where unfair competition is charged, the remedy is peculiarly one for equity.

It is our conclusion that appellant failed to make out a case entitling him to have any issue submitted to the jury, and the judgment is affirmed.—*Affirmed.*

MORLING, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.