24 C.C.P.A.(Patents)

## MOTLOW v. OLDETYME DISTILLERS, Inc.

### Patent Appeal No. 3774.

Court of Customs and Patent Appeals.
March 29, 1937.

Chauncey P. Carter, of Washington, D. C., for appellant.

Herbert J. Jacobi and William J. Jacobi, both of Washington, D. C. (George C. Baldt, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is a trade-mark opposition proceeding wherein the Commissioner of Patents reversed a decision of the Examiner of Trade-Mark Interferences dismissing the opposition of appellee, and held that appellant was not entitled to the registration of the trade-mark for which he made application.

On July 19, 1933, appellant filed application under the Trade-Mark Act of February 20, 1905 (as amended, 15 U.S.C.A. § 81 et seq.), for the registration of a composite trade-mark for whisky, one feature of which mark consisted of the words "Old Time Distillery." The application states: "The trade-mark is applied and 'affixed' to the goods by printing, engraving or lithographing the same on labels that are fastened to the containers and has been used in the business now owned by the applicant in connection with the goods named herein since 1905."

On July 12, 1934, appellee filed notice of opposition, alleging that it was incorporated under the laws of the State of New Jersey on or about December 19, 1933; that the dominant part of appellant's mark is the words "Old Time Distillery"; that said words are substantially identical with opposer's (appellee's) corporate title, and therefore registration of said mark should be refused under the provisions of said Trade-Mark Act.

Appellee in its notice of opposition also alleged: "10. That as your petitioner is informed and believes and therefore charges, the applicant herein is not the owner of the trade mark sought to be registered; that the mark sought to be registered was abandoned by the original owner thereof and no assignment of such mark given to the applicant herein; that the applicant is not entitled to claim use of the mark sought to be registered since 1905 since he is not the legitimate assignee of the original owner of the trade mark; that as applicant is informed and believes and, therefore, charges, the applicant was not engaged in the manufacture, rectification and/or sale of whiskey at the date of the filing of the application for registration of the mark sought to be registered; that applicant did not have use of the mark sought to be registered at the date of the application for registration thereof; that applicant is not now engaged in the manufacture, rectification and/or sale of whiskey bearing the trade mark sought to be registered and has no license to manufacture, rectify and/or sell whiskey, so that registration should be refused applicant on the mark sought to be registered."

Other allegations respecting confusion in trade and damage to appellee were made, not necessary to be considered upon this appeal. Appellant filed an answer to the notice of opposition, the eighth paragraph of which reads as follows: "Applicant admits that he was not actually manufacturing, rectifying and/or selling whiskey on the date on which he filed this application for registration, but avers that he now has a Federal license to engage in such business, and is preparing to do so, and applicant denies all other allegations of paragraph 10 of the Notice of Opposition. Applicant further avers that he has personally used the trade-mark applied for long prior to opposer's alleged incorporation, and has never abandoned the same."

No testimony was taken, and final hearing was had before the Examiner of Trade-Mark Interferences upon the pleadings, and the notice of opposition was dismissed upon the ground that appellee was not in existence at the time of the filing of appellant's application, and therefore appellee had no standing to oppose appellant's application upon the ground that a part of appellant's mark was the corporate name of appellee, and was not entitled to invoke the name clause of section 5 of said Trade-Mark Act as amended (15 U.S. C.A. § 85).

Upon appeal to the commissioner, he agreed with the Examiner of Trade-Mark Interferences that appellee had no right to oppose the registration of appellant's mark upon the ground that it comprises substantially appellee's corporate name, inasmuch as the date of incorporation of appellee was subsequent to the filing date of appellant's application. He further held, however, that appellant was not using the mark applied for in commerce at the time of filing his application, and for that reason he reversed the decision of the Examiner of Trade-Mark Interferences and adjudged that appellant was not entitled to the registration of the mark applied for.

Appellant thereupon took the appeal which is now before us. Two questions are presented for our consideration:

1. Does the record disclose a nonuse of appellant's mark by him at the time of the filing of his application?

2. If the first question be answered in the affirmative, does the fact that the National Prohibition Act (41 Stat. 305) and the Eighteenth Amendment to the Constitution were in force at the time appellant's application was filed, and for more than fourteen years prior thereto, preventing him from manufacturing or selling whisky to which he could apply the mark, enable him to claim use of the mark at the time of filing his application, appellant having used the mark in commerce prior to January 29, 1919, the date said amendment was ratified?

We think the admission in appellant's answer, dated October 12, 1934, that he was not actually manufacturing, rectifying, and/or selling whisky on the date on which he filed his application for registration, but on October 12, 1934, had a license so to do and was "preparing to do so," should be construed as an admission that at the time of filing his application appellant did not have such license and that appellant's mark was not used in commerce at the time of filing his application.

In appellant's brief the following statement is found: "It so happens that appellant was debarred from using his mark for more than a decade by Federal and State prohibition. * * *"

This statement is in accord with the construction we have given to the admission in appellant's answer to the notice of opposition hereinbefore quoted.

With respect to the second question above stated, we are of opinion that, regardless of appellant's legal ownership of the mark, which we do not question, in order to secure registration of the same he must have been using the same in interstate commerce at, or shortly prior to, the filing date of his application. Section 2 of the Trade-Mark Act of February 20, 1905 (as amended [15 U.S.C.A. § 82]), requires an applicant to declare at the time of filing his application "that such trade-mark is used in commerce among the several States," etc. (Italics ours.) It will be noted that the present tense is used, and not the words "has been used." This clearly requires a present use, and while, of course, shipment of goods with the mark applied is not required upon the exact date that the application is made, the use, within the meaning of the statute, cannot relate back fourteen years to some previous use of the mark. The right to register is wholly statutory, and while appellant's trade-mark may be valid at common law, he is not given the right to register the same unless the provisions of the statute are complied with.

734

This may be unfortunate for appellant, but in order to relieve him it is not within our province to legislate, but only to construe legislation under which he seeks registration. Appellant has pointed out the great injustice that he may suffer should his application be rejected, and suggests that appellee may now successfully oppose a new application of appellant under the name clause of the statute. Whether this be true or not. is a question that is not before us.

For the reasons stated, the decision of the commissioner, in so far as it holds that appellant is not entitled to the registration applied for, is affirmed.

Affirmed.

GARRETT, Associate Judge, did not participate in this decision.