**WEST DISINFECTING COMPANY,**
Appellant,

v.

Samuel A. ONORATO (Valtex Products Company assignee substituted), Appellee.

Patent Appeals No. 6242.

United States Court of Customs
and Patent Appeals.

March 8, 1957.

Joseph J. Juhass, New York City, for appellant.

B. E. Shlesinger, Rochester, N. Y., for appellee.

Before JOHNSON, Chief Judge, and WORLEY, RICH, and JACKSON (retired), Judges.

RICH, Judge.

This is an appeal in a trademark interference. Appellant, the junior party, hereinafter called "West," filed an application to register "Savole" for liquid soap on February 18, 1952. Registration was refused because of appellee's prior registration of "Savol" for hand cleaning cream, No. 512,632 of July 19, 1949, issued on an application filed August 14, 1948, to Samuel A. Onorato doing business as Valtex Products Company. Appellee will hereinafter be referred

by various combinations of the several Onorato brothers.

West, claiming use since January 1, 1915, requested an interference, which was instituted. Both parties took testimony. The Examiner of Interferences found that West's evidence established "continuous use by the junior party of its mark since many years prior to any use to which the senior party is here entitled" and adjudged West to be entitled to registration.

On appeal to the Commissioner of Patents the decision of the Examiner of Interferences was reversed on the ground that West had failed to meet the burden of proof upon it to show that it had rights in "Savole" superior to the rights of Valtex in "Savol" and appeal was taken to this court. No questions have been raised as to the similarity of the marks or of the goods and the only issue is which party is entitled to registration.

■ The burden of proof is, of course, upon the junior party, West, to show that it is entitled to the registration it seeks and, as against a registered mark, doubts are to be resolved against it. Baker Co. v. Lebow Brothers, 150 F.2d 580, 32 C.C.P.A., Patents, 1206, and Brewster-Ideal Chocolate Co. v. Dairy Maid Confectionery Co., 62 F.2d 844, 20 C.C.P.A., Patents, 848.

At the outset there is a question of what West, as junior party, must prove to meet the burden upon it. The opinion of the Commissioner says (105 US PQ 126, 127):

"The burden is on the applicant to establish prior and continuous use of its mark on its goods."

The brief for Valtex states it somewhat differently, urging that West must establish not only priority of use but also either that it was using the mark continuously from the priority date it has established, or at least from a date prior to the date established by Valtex, until West's own filing date. West's brief appears to be confused on the question of what must be proved and says at

one point, "All that the junior party had to prove, was to prove a date prior to 1948 [the earliest date established by Valtex] and instead of that * * * it went back to 1915 * * *."

Neither the Commissioner's opinion nor the briefs of the parties cite any authority on the question of what must be proved by the junior party to sustain its burden. Since we deem the nature of the burden of the junior party to be of decisive importance we shall state our view as to what it is.

■■ West is an applicant seeking registration. Valtex, a registrant, is in the position of having, *prima facie*, superior rights by virtue of an earlier filing date than West, which rights must be overcome. Our view is that in this interference West must show that at the time when Valtex filed (assuming no earlier trademark rights to be established by Valtex) West was already in a position to register its mark, had it chosen to do so. Under Sec. 1 of the Trade-Mark Act of 1946, 15 U.S. C.A. § 1051, West, to have been entitled to registration at that time, would have had to be able to state in its application "that the mark *is in use* in commerce." (Emphasis ours.) In other words, a mark which is not in use cannot be registered. A mere showing by West of trademark use at some earlier time is not sufficient. Motlow v. Oldetyme Distillers, Inc., 88 F.2d 732, 24 C.C.P.A., Patents, 1094, at page 1097. (That case involved the Trade-Mark Act of 1905 but it contained the same requirement of present use at the time of applying for registration as the 1946 Act involved here.) On the other hand, it would be going too far to say that West must prove continuity of use from its *first* use. It is sufficient to meet the burden of proof if the junior party establishes that it was actually making trademark use of the mark at, or shortly prior to, the time when the senior party commenced to use it, as shown by the senior party's established date. The crux of the matter is proof

of use by the junior party at the time the senior party entered the field, in which case the senior party's *prima facie* right is defeated. We turn now to a consideration of the evidence.

The date established by Valtex as its first use of "Savol" on hand cleaning cream we may take as sometime in 1948, which is definite enough for the purposes of our decision. This is tantamount to reliance on the filing date of the Onorato (Valtex) application, August 14, 1948. The first use "in commerce" alleged in that application was July 15, 1948. No earlier date is asserted in the brief for Valtex. The brief for West treats "1948" as the date established by Valtex.

The evidence produced by West has been accurately summarized and ably analyzed in the Commissioner's opinion (105 USPQ 126). We see no need to restate it here.

We are satisfied that West sold liquid soap under the trademark "Savole" during a period of years commencing possibly as early as 1915, the date alleged in its application, although the first sale established by evidence was in 1921. The latest activity with respect to the mark to be found in the entire record was the purchase in 1939 of 2,000 "Savole" labels, excluding activity after 1948 in which year appellee filed its application.

The witness who, according to the record, appears to have been most familiar with West's business, its Vice-President and Secretary, testified that at his attorney's request he had made a search of West's records to see what, if any, records he could find "pertaining to the use and sale of 'Savole' liquid soap." The only such records produced were in the period 1921–1934, and showed sales of not over 233 gallons in their entire 13 year period. Although sales records of "Savole" during the period from 1934 to 1948 appear to have been either available or known to the witness, he neither produced one nor stated what it would show. He was testifying in the board room of his

own company and presumably records were readily available to him. Though the witness testified that in most cases records over six years old were destroyed, the 1948 sales records would not have been destroyed by 1953, when he was testifying, yet none was produced for this critical period nor even an estimate of sales for that year given.

As stated in the Commissioner's opinion, both the board chairman and the vice-president of West testified that the "Savole" mark had been used "continuously" since it was adopted, or since the witness had been with the company, but the record does not show what either witness or West's counsel meant by "continuously used." The reason we cannot accept this kind of evidence as proof of trademark use in the years preceding 1948 is that "continuous use" is a conclusion of law requiring the existence of circumstances with which these witnesses were not shown to be conversant. As laymen, their testimony could be quite consistent, in their minds, with use from 1915 or 1921 to 1939 and non-use until a resumption of sales in 1951 which were continuing at the time they testified. Most of the testimony that was elicited on this point was merely affirmative answers to leading questions.

The only other evidence relied on by West to show continuous use is the testimony of the label printer who produced the single record showing the printing of 2,000 "Savole" labels in 1939 after being asked to "make an examination of the records of your company to find out whether you could find any record of 'Savole' labels being printed," which he said he did. The testimony West relies on is the following cross-examination:

"XQ67. Mr. Miller, you do not have any record of any labels for the word 'Savole' printed for West between the card, Exhibit 3, of June 1939, and the label Exhibit 1, do you? A. Yes, I have from 1939, 1940, 1941, 1942, right up

to the present time. I can bring every one of the cards out, if you want me to.

"XQ68. Are those cards for 'Savole'? A. Yes, they are for 'Savole.' They asked me for my earliest record and that is my earliest record, but I have records up until the present time."

He was not requested to nor did he produce any records after 1939. The evidentiary value of this testimony is weakened by the fact that he printed, he said, approximately 300 different labels for West. When asked if he printed for West liquid soap labels other than "Savole" labels he named one other and said, "There are so many others, I just can't start giving you them. I can't remember which is which." The printer's testimony taken as a whole does not convince us that "Savole" labels were in fact printed between 1939 and 1948. At least we have a doubt, which must be resolved against the junior party. If the other records testified to by the printer really existed, it was incumbent on West to produce them.

One other witness produced by West was the foreman of its chemical department, in their employ since 1924. He testified that he had been making "Savole" and had seen the company make and sell it "since" he had been with the company and produced and identified various formula books and records of "Savole" samples sent out for test. All of these records are in the period 1918–1935. All that the formula books show is how to make up "Savole", a simple matter of diluting "concentrated soap" with water. Neither the witness nor the documents produced in connection with his testimony proved the production of "Savole" liquid soap in any particular quantity at any particular time nor, even by inference, any production at all after 1935.

On the entire record, we are of the opinion that West has failed to sustain its burden of proof in that it has not shown any use of "Savole" during a period of several years prior to the 1948 filing date of Valtex.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate in place of COLE, J.

WORLEY, Judge (concurring).

I am of the opinion that the evidence presented by appellant, consisting largely of conclusions and general statements not supported by satisfactory documentary evidence, is insufficient to sustain the burden resting upon it as junior party. Solely for that reason do I concur in the affirmance of the decision appealed from.