**CREME LURE COMPANY, Plaintiff,**

v.

**George H. SCHWARTZTRAUBER and Georgia A. Schwartztrauber, d.b.a. Du-Dad Lure Company, Defendants.**

Civ. No. 6–1638–C–2.

United States District Court
S. D. Iowa,
Central Division.

Aug. 29, 1966.

Low & Low, Washington, D. C., Donald H. Zarley, Des Moines, Iowa, for plaintiff.

Robert B. Harmon, Washington, D. C., Rudolph L. Lowell, Des Moines, Iowa, for defendants.

## MEMORANDUM AND ORDER

HANSON, District Judge.

This is a ruling on an action to set aside the decisions of the Trademark and Appeal Board in Interference No. 6,056 and Opposition No. 42,428 wherein registration of the trademark "Du-Dad" was denied to the plaintiff and granted to the defendants. This is also a ruling on the counterclaim.

The plaintiff makes the following legal contentions:

1. Plaintiff has adopted and used the marks "Du-Dad" and "Mad-Dad" in interstate commerce within the meaning of 15 U.S.C. § 45 as early as August 1961.

2. Prior to August 1961 Defendants have not, within the meaning of 15 U.S.C. § 45, used the words "Du-Dad" in commerce.

3. Defendants have not established a "family of marks" within a trademark sense as a result of their sporadic and inconsequential sales of items bearing a "Dad" suffix during the years 1959 through 1963.

4. Plaintiff has superior trademark rights with regard to the trademarks "Du-Dad" and "Mad-Dad" and should have been awarded priority in the Patent Office Interference proceeding brought and further that the Patent Office should have dismissed Defendants' Opposition against the Plaintiff's "Mad-Dad" trademark application.

To prove that plaintiff had adopted the trademark "Du-Dad" by August 1961, the defendants rely on the fact that over $18,000.00 worth of "Mad-Dad" lures and over $29,000.00 worth of "Du-Dad" lures were sold in the fiscal year ending August 25, 1962. The Patent Office found that the plaintiff had marketed "Du-Dad" and "Mad-Dad" lures since some indefinite date subsequent to

August 21, 1961. There is no evidence which contradicts or at least does not conclusively contradict that finding. The plaintiff has not proven that it made use of the trademark prior to the notice of infringement of November 13, 1961.

The plaintiff contends that the defendants had not used the trademark within the meaning of Title 15 U.S.C., Sections 1051–1127, such as to give the defendants a prior use over the plaintiff. The defendants had used the name "Du-Dad" as early as 1956 but the plaintiff claims that use was so limited as to not constitute a use under the statute. It is also claimed that the sporadic use constituted an abandonment.

Title 15 U.S.C., Section 1127, states in part:

"A mark shall be deemed to be 'abandoned'—(a) When its use has been discontinued with intent not to resume. Intent not to resume may be inferred from circumstances. Nonuse for two consecutive years shall be prima facie abandonment."

The burden of proving abandonment is upon the party asserting it and abandonment requires intention not to resume its use. R. C. W. Supervisor, Inc. v. Cuban Tobacco Co., 220 F.Supp. 453. Section 1127 also states:

*"For the purposes of this chapter a mark shall be deemed to be used in commerce (a) on goods when it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto and the goods are sold or transported in commerce * * *."* (Emphasis added.)

It is sufficient if the junior party (here defendants) was (1) actually making trademark use in commerce as required by the Lanham Act and in a position to register the mark if it chose to, and (2) at or shortly prior thereto, the time when the senior party (here plaintiff) commenced to use it and was not thereafter abandoned. West Disinfecting Company v. Onorato, 242 F.2d

197, 44 C.C.P.A. 834; Powermatics, Inc. v. Globe Roofing Products Co., Cust. & Pat.App., 341 F.2d 127, 129.

■■ The defendants argue that evidence that the product was transported in commerce is sufficient to affirm the Patent Office in that regard. This position is supported by the statute, Title 15, U.S.C., Section 1127, which states: "sold or transported in commerce." It is also supported by New England Duplicating Co. v. Mendes, 1 Cir., 190 F.2d 415 (1951) and In re Aircraft-Marine Products, Inc., 120 U.S.P.Q. 340 (1950). The Patent Office Interference proceeding No. 6056 states that:

> "The record in this case clearly establishes that the junior party, the Du-Dad Lure Co. (defendants) had been using the term Du-Dad both as a trademark and as part of its trade name for several years at the time Creme entered the field with its mark Du-Dad. * * *"

The record supports the position that there was prior use and transportation by the defendants within the meaning of Title 15, U.S.C., Section 1127.

The plaintiff argues that the defendants never put the mark on the product but only on the display cards and that the displays were not *associated with* the goods. Plaintiff argues that the display cards were detached from the goods before they were sold. However, the record does not go that far. The possible inferences that can be drawn do not conclusively undermine the findings of the necessary prior use in the defendants.

Although there might have been some period of time during which the defendants did not use the mark "Du-Dad" in commerce, there is no evidence of intention to permanently abandon it. In fact, the evidence is to the contrary and is not overcome by Section 1127(a).

### COUNTERCLAIM

On the merits the defendants admit they have proven no actual damages unless attorney fees are considered actual damages.

■ The jurisdiction of certain aspects of this counterclaim was heretofore questioned by the plaintiff and the court granted the defendants the opportunity to prove jurisdiction. There is now no question that on jurisdiction under the general diversity statute (28 U.S.C. § 1332) is lacking for no $10,000.00 claim can be made. Indeed, defendants concede the lack of actual damages. There is certainly no unfair competition in this case. The law on unfair competition is set out in Piel Manufacturing Co. v. George A. Rolfes Co., 233 F.Supp. 891. There has been no palming off or intent to deceive. The evidence shows that all of the substantial advertising was conducted by the plaintiff. There was no intent to sell their goods by using the defendants' advertisement. There is a claim of tradename and trademark infringement but no claim of untrue labeling or advertising. The unfair competition would not be substantial. Fry v. Layne-Western Company, 8 Cir., 282 F. 2d 97. Also, no damages resulting from unfair competition were proven. While there is some split of authority on this question, it is clear that in Iowa there can be no punitive damages without actual damages. Roggensack v. Winona Monument Co., 211 Iowa 1307, 233 N.W. 493; 87 C.J.S. Trade-Marks, etc. § 213, p. 603; Coca-Cola Co. v. Dixi-Cola Laboratories, 155 F.2d 59 (4th Cir.); Brooks Bros. v. Brooks Clothing, D.C., 60 F.Supp. 442, 461, affirmed 158 F.2d 798 (9th Cir.); Aladdin Mfg. Co. v. Mantle Lamp Co., 116 F.2d 708, 717 (7th Cir.).

Section 1126 of Title 15, U.S.C. does not apply to this case because there has been no secondary meaning proven to have attached to the marks in question. See Pagliero v. Wallace China Co., 9 Cir., 198 F.2d 339 and American Auto Ass'n v. Spiegel, 2 Cir., 205 F.2d 771. In the present case, it has not been shown to involve rights having been given to aliens and no secondary meaning has been proven. This court gave the defendants an opportunity to prove their counterclaim under Rule 13, Title

28, U.S.C., Section 1332, under the trademark laws and trade name sections of Title 15 U.S.C., and the doctrine of pendent jurisdiction.

The defendants would not have proven sufficient to entitle them to punitive damages even if an infringement or unfair competition case was proven.

In 1961, the plaintiff began to advertise and market their lures under the marks "Du-Dad" and "Mad-Dad." On November 13, 1961, they were notified by the defendants that the marks on the lures were claimed to be infringing. On December 8, 1961, the plaintiff requested defendants' brochures or sample lures to determine the use by the defendants. On February 1, 1962, plaintiff made application in the Patent Office to register its marks. In these facts there certainly was no bad faith. It was a very close question as to who would be awarded the trademark. Plaintiff had a right to try to get the registration of the mark in view of the more or less sporadic use made by the defendants. It is not inconceivable that the marks could have been awarded to the plaintiff.

■ On October 8, 1964, the Trademark Trial and Appeal Board decided both the Interference and Opposition proceedings in favor of the defendants. Plaintiff filed for reconsideration on November 9, 1964 which was denied on November 30, 1964. On December 29, 1964, the plaintiff filed an appeal. The case was transferred to this court on February 18, 1965. The refusal to desist after notice of infringement might in some cases create a presumption of fraudulent intent. See Church & Dwight Co. v. Russ, 7 Cir., 99 F. 276. However, this is not so in this case where the contest between the parties for the trademark was very close. Nor does the fact that plaintiff exhausted its remedies prove fraud on the defendants. That the plaintiff may have misstated that they had an Ohio State registration is no basis for a finding of fraud against the defendants. See Landstrom v. Thorpe, 189 F.2d 46, 26 A.L.R.2d 1170 (8th Cir.); 15 U.S.C. § 1120.

The defendants have made no attempt in their final briefs to ask for profits of the plaintiff under the theory of unjust enrichment and the defendants have offered no proof to support such a claim.

Jurisdiction to award injunctive relief exists under Rule 13. Safeway Stores v. Dunnell, 172 F.2d 649 (9th Cir.). The Patent Office granted registration of the marks "Du-Dad" and "Mad-Dad" to the defendants and denied registration to the plaintiff. The marks were found to be confusingly similar. There is evidence to support those findings. The pretrial conference memorandum filed by the parties states that the plaintiff has offered to discontinue its use of the marks in question and accept an injunction prohibiting their use. This was part of an offer of settlement which was rejected and the court does not rely on it. In an affidavit filed October 21, 1965, Nicholas Creme stated that their existing stock of "Mad-Dad" and "Du-Dad" lures had been disposed of and that they did not have any such lures on order at the present time. In a brief filed October 21, 1965, the plaintiff stated that in making their motion to dismiss under Rule 41, the plaintiff would accept an injunction that would prohibit its future use of the contested words.

■ It is clear here that the defendants are entitled to an injunction against the future use of the trademarks "Du-Dad" and "Mad-Dad." However, the defendants are not entitled to punitive damages.

This is not the unusual case or the case of bad faith or fraud where attorney fees can be awarded. The defendants cite many cases on attorney fees but in each of them some unusual, vexatious, fraudulent or exceptional circumstances were proven.

In accordance with this Memorandum, it will be ordered that the Patent Office be affirmed in both Opposition No. 42,428 and Interference No. 6,056, and that the Complaint asking that those decisions be reversed will be dismissed.

It will be ordered that the relief asked in the Counterclaim will be denied except as to the injunction. The injunction will be entered enjoining plaintiff from using in the future the marks granted to the defendants in Opposition No. 42,428 and Interference No. 6,056.

It will be ordered that each party pay its own costs and that attorney fees will be denied.

It is hereby ordered that the foregoing shall constitute the findings of fact and conclusions of law in this case. Rule 52(a) of the Federal Rules of Civil Procedure.